## WILLIAM F. DURANT

*v.*

## HENRY J. ROGERS.

1. PARTNERSHIP—*liability of firm for tort of one partner.* If a member of a firm, in the due course of the business of the partnership, commits a tort or wrongful act, by seizing and taking the property of another, and the same is appropriated to the use and benefit of the firm, thereby increasing its assets, the other partners will be liable for the same.

2. A fraudulent act by one partner, or deceit practiced by him, done within the scope of his general partnership authority, will make the other partners liable.

3. SAME—*when liable for money paid to use of firm.* Where property of a partnership was levied upon under a judgment against a part of the firm, for a trespass committed by the active and managing members, and the latter, to save the property, procured the plaintiff to unite with them in an appeal bond, whereby he was compelled to pay the judgment, it was *held*, that each member of the firm became liable to him for the amount so paid to their use, whether they all united in the appeal or not, and that no proof of a promise to pay on the part of one of them not sued, and who did not join in the appeal, was necessary, as the law implied a promise, and that in such case the validity of the judgment appealed from was wholly immaterial.

4. WITNESS. *Where two witnesses testify directly opposite each other,* the jury may regard the surrounding circumstances, and give credence to one over the other.

5. FORMER DECISION. In the ruling of the court in this case in 71 Ill. 122, that where two witnesses give contradictory testimony, and neither is im-

peached, and nothing to strengthen the testimony of either; there is no preponderance, the principle of law is stated too broadly.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. LAWRENCE, CAMPBELL & LAWRENCE, for the appellant.

Mr. HENRY C. WHITNEY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was *indebitatus assumpsit*, in the Cook circuit court, by Henry J. Rogers, plaintiff, and against William F. Durant, defendant, for money paid, laid out and expended for the use of the defendant. There was a trial by jury, on the general issue, and a verdict and judgment for the plaintiff, and the defendant appeals.

The case has been here before, and may be found reported in 71 Ill. 122, and it is insisted by appellant that this record shows a case in no respect different from the one reported, and should be decided the same way.

That decision was based on the principle that one member of a copartnership can not be held responsible for the tortious acts of his copartner, unless those acts were done in the due course of business of the copartnership, and for which it was established, and that the case failed to show a valid promise by appellant to pay appellee's claim, appellee affirming it, and appellant denying it. The opinion says, "neither party is in any manner impeached, and there is no suggestion that one is not as much entitled to be believed as the other. There is nothing in the record that materially strengthens the testimony of either. The case rests upon the positive assertion of one, and the absolute and unqualified denial of the other."

It was upon this ground three members of the court dissented, they holding, when two witnesses contradict each other, they could not say they were entitled to equal credit, as

they could not see them on the stand, and have no means of determining whether they are, or not, of equal credit. They were of opinion the views of the majority were, on this point, adverse to repeated decisions of this court, and no reason was seen for changing the rule. But, waiving this for the present, in the opinion delivered, after stating the general principle, that one member of a firm was not liable for a trespass or other wrongful act committed by another member, it proceeds in this language: "With a view to strengthen appellee's cause, it is suggested the cattle and other property alleged to have been wrongfully taken from Collins by Sprague, or Davis and Sprague, added to the assets of the firm to the extent of the value of the property, in which it is said appellant participated. There is no evidence in the record of this fact. Appellant denies all knowledge of the transaction, and there is no evidence that shows, or even tends to show, the property seized and carried away was appropriated to the benefit of the firm."

Here is a clear intimation, had such proof been made, the liability of appellant, as a member of the firm, would be fixed.

This record now before us contains evidence tending to show the avails of this property thus tortiously taken by the active managers of the company, Davis and Sprague, and for which Collins obtained a judgment against the company, did go to swell the assets of the firm.

Laycock testified that Davis, Sprague and Company, after obtaining possession of the oxen, worked them, and finally sold them; John Derndale bought one or two yoke; took them in payment of what Davis, Sprague and Company owed him. In answer to the question, who realized the benefit of the cattle, or their proceeds, he says, Davis, Sprague and Company.

Davis and Sprague were the managing partners of this company, who were under contract with the Union Pacific Railway Company to furnish them one million ties, and other lumber, to be used in the construction of the road. These oxen

were a portion of the assets of the company, in which appellant was as much interested as any other member of the firm. It can not be denied that it was within the scope and business of this copartnership to save and protect the property of the partnership, and their acts to that end would bind the partnership. A fraudulent act by one partner, or deceit practiced by him, done within the scope of his general partnership authority, will make the other partners liable. *Lark* v. *Stearns et al.* 1 Metcalf, (Mass.) 560; citing Collyer on Part. 241; *Rapp* v. *Latham,* 2 Barn. & Ald. 795; *Willet* v. *Chambers,* Cowper, 814. See also, *Linton* v. *Harley et al.* 14 Gray, 191; *Stockton* v. *Frey,* 4 Gill, 406; *Castle et al.* v. *Ballard,* 23 Howard, (U. S.) 172.

This record presents a case essentially different from the one reported, and presents a fact which, if contained in the former record, the opinion rendered would not have been delivered.

We do not think it is important to inquire into the validity of the judgment obtained by Collins against Davis, Sprague and Company. It is sufficient there was such a judgment rendered by a court of competent jurisdiction, and by which, as the evidence clearly shows, the property of this company, of which appellant was a member, to a large amount and of great value, was in jeopardy. To extricate it, the managing partners, Davis and Sprague, by their entreaties, prevailed on appellee to enter into an appeal bond, which he did, and the property was saved to the company. The judgment was affirmed, appellee has paid the obligation in money, and now seeks reimbursement from one of the partners. The act of taking the appeal, no one will deny, was in the scope of the general authority of these managing partners, and reason and justice alike demand that every member of the firm shall be responsible for the acts of the managing partners in this regard, no matter what may have been the moving cause of the original action. The important question is, was it necessary, in the due prosecution of the partnership business, and to protect its rights, that this appeal should have been taken. We are of opinion it was, and the obligation appellee assumed

was as much for the benefit of appellant as for that of Davis and Sprague, or other members of the concern. No promise by appellant to reimburse appellee was necessary to be proved. The law raises a liability, and he must respond.

A portion of the property thus taken by the managing partners was sold by them, and the proceeds contributed to swell the assets of the company, and all the members of the company must be liable. Story on Part. sec. 131. And herein the case differs from that presented by the former record.

Upon the point on which there was dissent in the former opinion, more mature reflection has satisfied us the principle may have been stated too broadly. It is a rule, that the jury shall be the sole judges of the credibility of a witness. They see them on the stand, mark their demeanor, perceive many small matters which escape less observant eyes, and are in the best position to judge of credibility, and they have an undoubted right to find in favor of the testimony of one when weighed against that of the other. This court has held, in such a case, surrounding circumstances must be regarded by the jury when the scales are apparently at an equipoise, and by them the balance is to be adjusted. But it is unnecessary to debate this point, the legal liability of appellant being clearly established. No promise by appellant was necessary. The instruction given by the court for appellee was in harmony with these views, and was right.

Appellee having duly filed a proper *remittitur,* the judgment of the circuit court will be affirmed for the sum of three thousand dollars.

Upon the point of newly discovered evidence, it is well settled such evidence must be of a conclusive nature, and settle the controversy beyond dispute. The evidence of .Ruskin fails in this, in the view we have taken of the case, as above expressed, and no diligence is shown to procure this evidence.

The judgment is affirmed for three thousand dollars.

*Judgment affirmed.*

Mr. JUSTICE SCOTT: I do not concur either in the conclusion or reasoning of this opinion, and for a fuller expression of my views, reference is made to the opinion of the court in this case when it was before us on a former appeal. 71 Ill. 122.

SHELDON and DICKEY, J.J., also dissenting: In Lindley on Partnership, (Vol. 1, B. 11, Ch. 1, sec. 7,) it is laid down as the law that, the "popular notion, that if a firm obtains the benefit of a contract made with one of its partners, it must needs be bound by the contract," is *erroneous.* This is there supported by abundant authority. The contract which, by implication, the other partners made with appellee, to protect him from loss by reason of signing their appeal bond, was not binding upon appellant; it related solely to their own personal liability. Though it benefited the firm, the firm was not, for that reason, liable, and appellant did not become liable as a member of the firm.