THE PEOPLE *ex rel.* P. J. Mouschenrose *et al.*

*v.*

DRAINAGE COMRS. OF BIG LAKE SPECIAL DRAINAGE DIST.

*Filed at Mt. Vernon June 14, 1895.*

1. APPEALS AND ERRORS—*failure to present question to trial court.* The right of relators in *quo warranto* to have an issue of fact passed upon in the trial court cannot be raised on appeal, where the record fails to show the trial court was asked to rule on the question.

2. SAME—*judgment presumed, on appeal, to be properly rendered.* In the absence of a bill of exceptions showing the contrary, it will be presumed, on appeal, that a judgment was properly rendered.

3. RECORD—*mere recital of clerk in transcript is no part of record.* A recital by the clerk in the transcript that a certain motion was made and the ruling of the judge thereon excepted to, does not make the motion, ruling or exception part of the record, in the absence of a bill of exceptions.

APPEAL from the Circuit Court of Jackson county; the Hon. OLIVER A. HARKER, Judge, presiding.

J. M. HERBERT, State's Attorney, and R. J. MCELVAIN, for appellants :

Section 5 of article 2 of our constitution declares that "the right of trial by jury, as heretofore enjoyed, shall remain inviolate." We cite the following authorities to show that in proceedings by *quo warranto* questions of fact may be tried by a jury: *People* v. *Doesburg*, 16 Mich. 133; *People* v. *Railroad Co.* 1 Lans. 308; 55 Barb. 344; 7 Abb. Pr. 265 ; 38 How. Pr. 228. The holding in the Michigan case is that the parties cannot be denied a jury.

R. J. STEPHENS, for appellees:

The motion to dismiss for want of prosecution was proper. *Delano* v. *Bennett,* 61 Ill. 83.

The recital in the record that relators moved the court, and excepted to the ruling and order of the court refusing their motion, to submit issues of fact to a jury, does not make that motion or exception a part of the record.

That could only be done by bill of exceptions. *Daniels* v. *Shields*, 38 Ill. 197; *Boyle* v. *Levings*, 28 id. 314; *McClurkin* v. *Ewing*, 42 id. 283; *Gill* v. *People*, 42 id. 321; *Nason* v. *Letz*, 73 id. 371; *Fries* v. *Fries*, 34 Ill. App. 142; *James* v. *Dexter*, 113 Ill. 654.

Per CURIAM: This was a proceeding in the name of the People, on the relation of certain named parties, by petition in the nature of *quo warranto*, to test the validity of the action of the commissioners in annexing certain lands to Big Lake Special Drainage District.

It is claimed in the argument that the lands of relators which were annexed to the district did not require drainage, and no necessity existed for annexing such lands to the district, and the only error relied upon in the argument is, that the court erred in refusing to permit that question of fact to be determined by the court or a jury. If the relators desired to present that question for determination in this court, the uniform practice required them to enter a motion in the circuit court requesting the submission of the question to be tried before the court or a jury, or in some other appropriate mode to present the question and obtain the judgment of the court upon it, and then embody the motion, the ruling of the court and the exception in a bill of exceptions. If this course had been pursued the action of the court on the application of the relators would become a part of the record, and thus be reviewable here. But that course was not pursued. This record contains no bill of exceptions. There is therefore nothing to show that the question relied upon was ever presented or decided by the circuit court. The recital by the circuit clerk, in the transcript, that relators moved the court to submit issues of fact, and excepted to the ruling and judgment of the court, does not make the motion, judgment or exception a part of the record. Moreover, the final judgment of the court shows that the proceeding was dismissed for want of prosecution. In

the absence of a bill of exceptions showing the contrary it will be presumed that this judgment was properly rendered. No error, therefore, appearing on the record, the judgment will be affirmed.

*Judgment affirmed.*