## W. P. Dickinson et al. v. W. H. Gray et al.

1. WITNESSES—*Credibility of, a Question for the Jury.*—The jury are the sole judges of the credibility of the witnesses, and where there are but two witnesses and their testimony is in direct conflict the jury have an undoubted right to find in favor of the statements of one as weighed against those of the other; and the same rule applies to the trial judge when issues of fact are submitted to him.

2. APPELLATE COURT PRACTICE—*When the Sufficiency of the Evidence*

*May be Inquired Into.*—In this State an appellate tribunal can not inquire into the sufficiency of the evidence to support a judgment unless there is an exception to the finding and judgment when the case is tried by the court, or a motion for a new trial and exception to the overruling of the same, when a trial is had by jury.

3. SAME—*What Abstract Must Show.*—It is the rule of this court that the abstract must show all facts necessary to be considered and that the court will not go to the record for information.

4. APPEALS AND ERRORS—*Motion for a New Trial Unnecessary when Case is Tried by the Court.*—Where a jury is waived and a case is tried by the court, no motion for a new trial is required, and if an exception to the judgment is shown by the bill of exceptions the judgment may be reviewed on appeal.

Assumpsit, on a written contract as modified by parol. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed October 11, 1897.

JAMES L. CLARK, attorney for appellants.

CUTTING, CASTLE & WILLIAMS, attorneys for appellees.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT

This is an action brought upon a contract in writing. alleged by appellees (plaintiffs in trial court) to have been, changed in some particulars by a later oral agreement.

The controversy of fact was as to whether such modification was made. One of appellees testified that it was; and one of appellants testified that it was not changed. There was no other evidence upon the subject. The contract was performed by appellees upon the terms of the alleged modification, and not in accordance with the requirements of the original writing.

The cause was tried by the court without a jury.

It is contended by counsel for appellants that, there being but two witnesses, one of whom affirmed and the other of whom denied the fact in controversy, there could not, as a proposition of law, be any preponderance of the evidence. We do not understand this to be the law.

In Durant v. Rogers, 87 Ill. 508, the court say:

Dickinson v. Gray.

"It is a rule, that the jury shall be the sole judges of the credibility of witnesses. They see them on the stand, mark their demeanor, perceive many small matters which escape less observant eyes, and are in the best position to judge of their credibility, and they have an undoubted right to find in favor of one when weighed against that of the other."

If the jury may so do, why not as well the court, when finding upon issues of fact submitted?

But there is another sufficient reason why this appeal can not avail. The abstract shows a judgment for appellees, but it does not show that appellants excepted to the finding of the court, or the judgment.

It is the rule that the court will not go to the record for information. Gibler v. City of Mattoon, 167 Ill. 18.

And if we were to disregard the rule and look to the bill of exceptions itself, it would be found that upon the court finding for appellees, appellants entered a motion for a new trial, and excepted to the overruling of the same. In a trial by the court without a jury, this was unnecessary. Sands v. Kagey, 150 Ill. 109.

But it will not be found from the bill of exceptions that appellants excepted to the finding and judgment, and this was necessary to entitle them to have the cause reviewed upon appeal. In Illinois C. R. R. Co. v. O'Keefe, 154 Ill. 511, the court says:

"In this State the rule is settled that an appellate tribunal can not inquire into the sufficiency of the evidence to support a judgment unless there is an exception to the finding and judgment when tried by the judge without a jury, or a motion for new trial and exception to the overruling of the same, when a trial is had by jury. See Firemen's Ins. Co. v. Peck, 126 Ill. 493, and cases cited." Force Mfg. Co. v. Horton, 74 Ill. 311.

The judgment is affirmed.