# Chicago & Northwestern Railway Co., Impleaded, etc., v. John B. Pendergast.

1. RAILROADS—*Sale of Mileage Ticket to Passenger Under an Assumed Name.*—Where a railroad company sells a mileage ticket providing that it shall not be good for the passage of any one other than the original purchaser, whose name and description appear upon the cover of the ticket, if it appears that the purchaser explained to the agent of the company that he was purchasing the ticket in an assumed name, and the agent assented thereto, the company will be bound by such assent and will be liable for the act of its conductor in taking up the ticket when presented by the purchaser.

2. TRIALS—*Preponderance of the Evidence as Between Two Witnesses Contradicting Each Other.*—If two witnesses testify directly and positively upon opposite sides of an issue, a jury may be warranted in finding that the greater credibility of the testimony of one creates a preponderance over that of the other, but when one of the witnesses, without pretending to knowledge, merely testifies to his thought or supposition, there is no method of measurement by which his testimony can be found to establish a preponderance over that of one who must, from his situation, know the precise facts.

**Trespass on the Case**, against a railroad for taking up a mileage ticket. Appeal from the County Court of Cook County; the Hon. WM. T. HODSON, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed March 24, 1898.

## STATEMENT OF THE CASE.

Appellee purchased a mileage ticket of the appellant railroad company. It was, by direction of appellee, issued in the name of J. L. Brown as purchaser. Appellee presented it for his fare as a passenger upon a train from St. Paul, Minnesota, to Chicago. The conductor inquired if appellee's name was J. L. Brown. Appellee admitted that it was not, and thereupon the conductor refused to accept the ticket for fare and retained the same.

It is provided by the terms of the mileage ticket, in effect, that it shall not be good for passage of any one other than the original purchaser, whose name and description appear upon the cover of the ticket, and that if presented by any

other it shall be taken up, etc.   It is not disputed that appellee was the original purchaser.

There is a conflict of evidence as to whether appellee explained to the agent of appellant that he was purchasing the mileage in an assumed name for convenience, and the agent assented thereto.   A decided preponderance of the evidence shows that the train in question was operated by the Chicago, St. Paul & Omaha Ry. Co., and that the conductor who took up the ticket was in the employ of that company, and not an employe or agent of appellant.   The suit is for a wrongful conversion of the ticket.   A verdict of not guilty was found as to the Chicago, St. Paul & Omaha Ry. Co., and a verdict of guilty as to appellant, assessing damages, and upon the verdict judgment was rendered.

E. E. OSBORN, attorney for appellant; L. W. BOWERS and A. W. PULVER, of counsel.

If Pendergast's story was true, he engaged in an attempt to defraud the railway company by inducing the ticket agent to violate the rules provided for his government (for which see abstract) and the contract of carriage itself.   He can not be heard to insist upon rights thus acquired.   He is in like plight with the tramps who ride upon freight trains by paying the trainmen for the privilege—not the company.   They are universally held trespassers.   Brevig v. Chicago, St. P., M. & O. Ry. Co., 66 N. W. Rep. (Minn.) 401; Janny v. Great N. R. R. Co., 65 N. W. Rep. (Minn.) 450; Wilton v. Middlesex R. R. Co., 107 Mass. 108; Toledo, W. & W. Ry. Co. v. Brooks, 81 Ill. 245; Chicago & A. R. R. Co. v. Michie, 83 Ill. 427.

But the decision must rest upon the accountability of the railway company for the action of the conductor.   He was presented with a ticket which on its face, as accompanied by the statement of the passenger, was void.   His duty was defined by his instructions and the ticket itself.

As between the conductor and a passenger, the ticket produced is conclusive evidence.   The conductor need not accept the explanations of the passenger as to a claimed

error in the issuance of the ticket. Chicago & N. W. Ry. Co. v. Bannerman, 15 Ill. App. 100; Chicago, B. & Q. R. Co. v. Griffin, 68 Ill. 504; Pouilin v. Canadian P. R. R. Co., 52 Fed. R. 197; Frederick v. Marquette, H. & O. R. R. Co., 37 Mich. 342; Elliott on Railroads, Vol. 4, Sec. 1594.

E. G. LANCASTER, attorney for appellee.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

The gist of the action is the alleged wrongful conversion by appellant, acting through its servant, the conductor, Riggs. It was incumbent upon appellee to show upon the trial that Riggs was the servant or agent of appellant. The only evidence bearing upon this issue was that of appellee and Riggs. Appellee testified: "I think I was on a Chicago & Northwestern train. The train that I was on was marked Chicago & Northwestern." Riggs testified: "I was running train No. 2, on the Chicago, St. Paul, Minneapolis & Omaha Railway. The Chicago & Northwestern Railway Company did not have anything to do with that train at that time. The train was running over the Omaha tracks, and was an Omaha train. I was in the employ of the Chicago, St. Paul, Minneapolis & Omaha Company. The Chicago, St. Paul, Minneapolis & Omaha Railway Company and the Chicago & Northwestern Railway Company are entirely distinct corporations. I have worked for this railroad since 1892, as a passenger conductor."

When this testimony is measured it is apparent that the verdict is wholly unsupported by any substantial evidence as to the agency of the conductor Riggs, or, at least, that it is against the decided preponderance of the evidence. If it may be said that in the absence of other evidence, the testimony of appellee would have been quite sufficient to make a *prima facie* showing as to the agency, yet, whatever inference might have been warranted from appellee's testimony that the name of appellant was on the train, and whatever weight might have been accorded appellee's deduction therefrom—viz., that he thought it was appellant's train—if there had been no other evidence in this behalf, is entirely swept

away by the unqualified, positive testimony of Riggs, who knew whereof he spoke, and who spoke under oath and with certainty. If these two witnesses, being the only witnesses upon this issue, had each testified directly and positively as to the fact, a jury might be warranted in finding that the greater credibility of the testimony of the one created a preponderance over that of the other. Durant v. Rogers, 87 Ill. 508; Dickinson v. Gray, 72 Ill. App. 55.

But when one of the witnesses, without pretending to knowledge, merely testifies to his thought or supposition, we can conceive of no method of measurement by which his testimony can be found to establish a preponderance over that of one who must, from his situation, know the precise truth as to the fact.

There is no necessity of any extended discussion of the other questions presented by the briefs. That the verdict was excessive can not now matter.

If it had appeared from the evidence that the conductor was the servant of appellant, we think that no question could have been successfully raised as to the form of action, and the question of whether the taking was wrongful would then have been dependent upon the facts as to the transaction between appellee and the agent of appellant who sold the ticket, and hence a question for the jury.

The judgment is reversed and the cause remanded.