## Ettlinger Printing Co. v. E. W. Copelin.

1. ABSTRACTS—*Exceptions Must Appear.*—Where the abstract does not show that any exception was taken to the finding or judgment of the trial court, the Appellate Court is not required to search the record to find whether or not exceptions have been preserved. Everything upon which error is assigned should appear in the abstract.

2. APPELLATE COURT PRACTICE—*Where Exceptions Are Not Preserved, Inquiring as to Sufficiency of the Evidence.*—Where exceptions are not preserved to the finding of the trial court, the Appellate Court can not inquire into the sufficiency of the evidence to support the judgment.

3. BILL OF EXCEPTIONS—*Must Show Exceptions Taken to the Findings of the Trial Court—Recitals in the Judgment Not Sufficient.*—The bill of exceptions must show that an exception was taken to the finding of the trial court. The statement by the clerk, after reciting the rendition of the judgment and award of executions, " whereupon the defendant, having entered its exceptions herein, prayed an appeal from the judgment," etc., is not sufficient.

Assumpsit, for goods sold and delivered. Trial in the Superior Court of Cook County without a jury. The Hon. WILLIAM G. EWING, Judge, presiding. Finding and judgment for plaintiff. Defendant appeals. Heard in this court at the March term, 1898. Affirmed. Opinion filed June 13, 1898.

LEVI A. ELIEL, attorney for appellant.

Ettlinger Printing Co. v. Copelin.

Tenney, McConnell, Coffeen & Harding, attorneys for appellee, stated that the case was tried by the court below without a jury, and contended that, as no propositions of law were presented by either party, this court is bound to presume that the trial court correctly decided all questions of law involved. When the court found the issues for the plaintiff, no exception was taken by appellant to the finding or to the judgment entered upon it. The propriety of that finding, therefore, is not now open to review, and can not be questioned upon this appeal when no exception was taken in the lower court.

The rule is thus stated in Everett v. Collinsville Zinc Co., 41 Ill. App. 552:

"The court entered judgment for the defendant for costs. The bill of exceptions contains no finding by the court, nor any exceptions to the finding or judgment of the court. No propositions of law to be held by the court were presented. No question arises upon the pleadings; but the rulings of the court during the progress of the trial, and rendering judgment for defendant and not for plaintiff, are the only errors assigned or relied upon to reverse this judgment.

In the condition we find the record, we are precluded from considering and passing upon any of the errors assigned, and must affirm the judgment. In a trial by the court without a jury, where the bill of exceptions fails to set out the findings and judgment of the court, and to show they were properly excepted to, no question arising upon such findings and judgment can be considered by the Appellate Court."

Mr. Justice Windes delivered the opinion of the court.

This suit was brought by appellee in the Superior Court of Cook County, to recover from appellant for goods alleged to have been sold and delivered by appellee to appellant. It was submitted to the court without a jury, and the trial resulted in a finding and judgment for appellee of $354.58. The abstract does not show that any exception was taken

to the finding or judgment of the trial court.   We are not required to search the record to find whether an exception was preserved.   Everything on which error is assigned should appear in the abstract.   Chapman v. Chapman, 129 Ill. 386; City of Roodhouse v. Christian, 158 Ill. 137; Gibler v. City of Mattoon, 167 Ill. 18; Dickinson v. Gray, 72 Ill. App. 55.

No exception being preserved to the finding or judgment of the court, we can not inquire into the sufficiency of the evidence to support the judgment.   Fireman's Ins. Co. v. Peck, 126 Ill. 493, and cases cited; Ill. C. R. R. Co. v. O'Keefe, 154 Ill. 511.

But the bill of exceptions contained in the transcript of the record fails to show that any exception was taken to the finding of the court.   The transcript of the record made by the clerk shows a finding by the court, motion for a new trial overruled, rendition of judgment and award of execution, and the further statement, "whereupon the defendant, having entered its exceptions herein, prays an appeal from the judgment," etc.   Even if these facts were properly shown by the abstract, still they are not sufficient to justify a consideration of the evidence as to its sufficiency to sustain the finding.   The bill of exceptions must show that an exception was taken to the finding of the trial court.

In Fireman's Ins. Co. v. Peck, 126 Ill. 494, speaking of a record like this, and holding the rule to be as above stated, the Supreme Court said: "We are strenuously urged by counsel for appellant, in very able and elaborate briefs and arguments, to change the rule so long established by the decisions of this court, and hold that if the proper motions and exceptions appear in the judgment order or order allowing the appeal, as made up by the clerk and certified by him, then it is not essential they should appear in the bill of exceptions signed and sealed by the judge.   Were the question an open one we might be inclined so to hold; but the rule now objected to is a settled rule of practice in this State, and has been announced and followed for so long a

time and in so many cases that it ought not to be departed from, and we must therefore decline to enter into a discussion as to its propriety. The rule as held is familiar to the profession, and is easily understood, and there is no difficulty or hardship in conforming to its requirements."

We have examined the record as to alleged errors of the court in admitting and excluding evidence, and find no reversible error in its rulings in that regard.

The judgment is affirmed.