Stern v. Glattstein.

## Max Stern v. Morris Glattstein.

1. NEW TRIALS—*When Motion for, is Unnecessary.*—A motion for a new trial when a case is tried without a jury is unnecessary, and so is an exception to the overruling of such a motion.

2. FINDING—*Sufficient Under the Statute of Jeofails.*—A verdict that states "The court finds the issues for the plaintiff and assesses the plaintiff's damages at the sum of $340," is good in substance, and sufficient under the statute of jeofails.

3. BILL OF EXCEPTIONS—*Where it Shows no Exceptions—Practice.*—Where an abstract states that the defendant excepted to the judgment, but the bill of exceptions shows no such exception, this court is precluded from inquiring whether the finding of the court is sustained by the evidence.

Trespass on the Case, for seizure of personal property. Trial in the County Court of Cook County; the Hon. R. O. MARSHALL, Judge, presiding; finding and judgment for plaintiff; appeal by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed December 12, 1898. Rehearing denied, March 16, 1899.

Louis Henry and Max Robinson, attorneys for appellant.

JOHN J. COBURN and GEORGE A. MEECH, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This case was tried, by agreement, by the court, without a jury. Appellant contends that the finding is contrary to the evidence. The abstract filed by appellant states that the defendant (appellant here) excepted to the judgment. The bill of exceptions shows no such exception. In such case we are precluded from inquiring whether the finding of the court is sustained by the evidence. Ill. Cen. R. R. Co. v. O'Keefe, 154 Ill. 508; Seavey v. Seavey, 30 Ill. App. 625, 637.

A motion for a new trial was made and overruled, and appellant excepted, but such motion, when a case is tried by the court, is unnecessary, and the exception to the overruling can not avail appellant. Sands v. Kagey, 150 Ill. 109; Dickinson v. Gray, 72 Ill. App. 55.

Appellant's counsel object to the form of the court's finding, which is: " The court finds the issues for the plaintiff, and assesses the plaintiff's damages at the sum of $340." An informal verdict does not vitiate. The finding is good in substance, and is sufficient under the statute of jeofails, and may be regarded as reduced to form. I. C. R. R. Co. v. Wheeler, 149 Ill. 525; Wiggins v. Chicago, 68 Ib. 372; Bates et al. v. Williams, 43 Ib. 494.

The proposition, the refusal of which appellant's counsel complain of in their argument, relates merely to the sufficiency of the evidence, which, as before stated, we can not consider on the record before us. There is no other question of law presented.

The judgment will be affirmed.