## Sprague's Mercantile Agency v. Charles McClintock.

### Gen. No. 12,943.

1. EXCEPTION—*essential to review finding of court.* A motion for a new trial is not necessary but an exception to the finding is indispensable to the right to review the finding of the court entered in a trial had without a jury.

Action of *assumpsit.* Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed January 21, 1907.

PHELPS & CLELAND, for appellant.

BURTT & KRIETE, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment for the sum of $1,171.90, rendered in an action of *assumpsit* by appellee against appellant. The declaration contains two special counts and the common counts. In the

first special count it is averred, in substance, that March 13, 1897, the defendant agreed in writing with the plaintiff that, in consideration of $50, paid by plaintiff to defendant, the defendant would, for a period of three years from said date, collect plaintiff's accounts for a commission of ten per cent. on each account of $100 or more; and plaintiff authorized the defendant to settle a certain debt due and owing to him from one McIntosh, which defendant undertook and promised to do, and to render to plaintiff a true account thereof, and pay to plaintiff all moneys received by defendant on account of said debt. July 23, 1897, the defendant received at Indianapolis, Indiana, a check as follows: "To the Indiana National Safety Deposit Vaults. No. 25. Bank of Indianapolis, Indiana. Pay to the order of Sprague's Collecting Agency, attorney for Charles McClintock, one thousand seven hundred twenty-seven and 16-100 dollars. July 23, 1897. Sarah E. McIntosh."

Said check was indorsed "Sprague's Collecting Agency, Attorney for Charles McClintock," and, on the same day, was paid to the order of the defendant by the bank on which it was drawn. Defendant has not rendered to plaintiff a just and true account of the money so received by it, but fraudulently concealed from plaintiff that it had received said check and money, and falsely represented to plaintiff that it had received only $1,000 on account of said debt, and paid to plaintiff only $750 of said money so received by it, and retained and still retains the balance of said sum of $1,727.16, etc.

In the second count the breach alleged is the failure to render a just and true account, as per agreement. The defendant pleaded the general issue and the Statute of Limitations, viz., that the cause of action did not accrue to the plaintiff within five years before the commencement of the suit. To this plea the defendant first demurred, but subsequently re-

210    APPELLATE COURTS OF ILLINOIS.

VOL. 131.]    Sprague's Merc. Agency v. McClintock.

plied that the agreement was in writing, and the cause of action accrued within ten years before the commencement of the suit. The cause was tried by the court, without a jury, by agreement of the parties, and the court found for the plaintiff and assessed his damages at the sum of $1,171.90, and rendered judgment for that sum.

Counsel for appellee point out that no exception has been preserved to the finding of the court or to the judgment, and contend that, such being the case, the assignments of error cannot be considered: The bill of exceptions contains the following: "And thereupon the court rendered a verdict and finding against the defendant; whereupon the defendant, by his counsel, then and there moved the court to set aside the verdict so rendered and grant a new trial of this cause. But the court denied the motion for a new trial, and gave judgment on the verdict and finding, to which decision of the court, in denying such motion and refusing to grant a new trial, the defendant, by his counsel, then and there excepted." It thus seems that the only exception taken was to the overruling of the motion for a new trial, and even this exception seems to have been taken after judgment rendered. When a cause is tried by the court, without a jury, a motion for a new trial is unnecessary, and even though such motion is made and an exception to the overruling thereof preserved, this is not sufficient for the purpose of review. To entitle appellant to a review of the proceedings, there must have been an exception to the finding of the court and the judgment, or, at least, to the judgment. Dickinson v. Gray, 72 Ill. App. 55; Ettlinger Printing Co. v. Copelin, 76 ib. 520; Stein v. Rokker, 84 ib. 473; Grand Pac. Hotel Co. v. Pinkerton et al., 118 ib. 89; Sands v. Kagey, 150 Ill. 109, 114; Ill. C. R. R. Co. v. O'Keefe, 154 ib. 508; Bailey v. Smith, 168 ib. 84; Jones v. Village of Milford, 208 ib. 621.

No propositions to be held as law were submitted to the court.

If it appeared from the record that substantial justice had not been done to appellant by the finding and judgment of the court, we would regret that proper exceptions were not preserved, to enable us to review the record; but having considered the record as carefully as if proper exceptions had been preserved, our conclusion, in case such exceptions had been preserved, would have been that the judgment of the trial court was correct.

The judgment will be affirmed.

*Affirmed.*