## James W. Royall, Sr., Appellee, v. Hartford Fire Insurance Company, Appellant.

1. APPEALS AND ERRORS—*when findings of court subject to review.* An exception to the judgment entered by the court is sufficient to preserve for review the propriety of the finding of the court; an exception to such finding is not indispensable.

2. INSURANCE—*proportionate loss clause construed.* A proportionate loss clause contained in an insurance policy in question in this case is construed and the apportionment made by the trial court between the policy in question and a blanket policy is sustained.

Assumpsit. Appeal from the Circuit Court of Franklin county; the Hon. J. R. CREIGHTON, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed November 12, 1910, being a modification on petition for rehearing.

W. H. Williams and Barger & Hicks, for appellant.

W. H. Hart, for appellee.

Mr. Presiding Justice Higbee delivered the opinon of the court.

Appellee brought suit upon a policy of insurance, issued by appellant to him and S. O. Snyder, insuring them from loss by fire to an amount not exceeding $2,500, covering three buildings therein described, and recovered a judgment. There was a stipulation entered into between the parties as to the main facts in the case and while the testimony of two witnesses was heard, there was no conflict in their testimony, and no controversy whatever on the trial as to the facts.

It was agreed by the parties at the time of the fire appellee was "the sole owner and beneficiary in the policy." At the time appellant issued its policy aforesaid, The American Central Insurance Company of St. Louis, Missouri, also had in existence a policy upon the same premises issued to the same parties, for the like sum of $2,500. The terms and conditions of the two policies were substantially alike. In appellant's policy however, the amount of the insurance was divided among the three buildings, $1,250 being placed upon one, and $625 each upon the two others, while in the policy of the American Central Insurance Company, the property insured, which consisted of three adjoining store buildings, separated only by partition walls, was described as one building and the insurance was in one item, the sum of $2,500, upon the whole. During the life of the two policies the property described in them was damaged by fire to the extent of $3,495.49. The damages were apportioned among the three buildings, it being agreed that the building insured by appellant for $1,250 had suffered injury to the amount of $2,212.54, one of the other buildings to the amount of $682.60 and the third to the amount of $600.35.

A jury was waived and upon the trial the court

below adopted the theory that each of the two insurance companies was liable for one-half of the loss, and gave judgment against appellant for $1,747.74.

Appellee insists that no question is presented to this court for review because no propositions of law were presented to the trial court and while the judgment was excepted to, no exception was taken to the finding of the court. While it is the usual practice to except both to the finding and the judgment of the court, where there is a trial without a jury, yet this is not always necessary.

In Sands v. Kagey, 150 Ill. 109, which was a case tried upon an agreed state of facts, by the court without a jury, it is said, "the bill of exceptions shows that the defendants excepted to the judgment rendered by the court in favor of the plaintiff, and that was all that was required to entitle them to review the judgment on appeal or writ of error." In our opinion the failure to except to the finding of the court, in this case does not affect appellant's right to be heard on appeal.

As no propositions of law were presented in this case to the trial court, and consequently no exceptions taken to the rulings of that court upon the law, it is doubtful whether the question of the proper apportionment of the loss under the two policies of insurance, can be properly raised in this court. As however we are of opinion the trial court correctly decided that question we have determined to give our reasons why the judgment should be sustained upon its merits.

Each of the two insurance policies contained the following provisions: "This company shall not be liable under this policy for a greater proportion of any loss on the described property . * * * than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property."

In order to construe this provision of the contract, it is therefore necessary for us to determine what was meant by the words, "the amount hereby insured"

and "the whole insurance." Appellant contends that a proper construction of the terms demands, in determining these amounts, the several items of its policy should be divided according to the amounts of insurance therein named, but that as the American Central Company's policy was a blanket policy, the whole amount named therein should be first applied as insurance upon the building, bearing the largest amount of insurance, which bore the greatest loss in appellant's policy, to-wit, the one bearing insurance to the amount of $1,250. That is to say, that the total amount of insurance on said building must be considered as amounting to $3,750 and that the amount of the loss on said building to be contributed by appellant, should be the proportion of $1,250 to $3,750, while that to be contributed by the American Central Company should be in the proportion of $2,500 to $3,750; that what remains of the American Central policy after deducting the amount contributed towards the payment of the greatest loss should be added to the amount of insurance contained in appellant's policy on the item suffering the next greatest loss to make a total and so on with the remaining item. This method of computation would make appellant's share of the loss amount to $1,302.15, which it claims is all it should be required to pay. Why appellant should insist upon applying all of the American Central Company's policy to make up the total on the item of greatest loss, rather than to commence at the other end and apply it first, to assist in making up the total on the item of smallest loss, is difficult to understand and is not explained. Appellee on the other hand contends that as each company had insured the three store rooms or buildings to the amount of $2,500, the loss should have been divided between them equally. In ascertaining what is meant by the words above referred to in appellant's policy it is necessary to consider the whole instrument. Appellant's policy insures "against all direct loss or damage by fire except as hereinafter provided, to an

amount not exceeding $2,500 to the following described property." The property insured is then described but the amounts of insurance are divided as above set forth. It contains the further provision "$2,500 other insurance permitted concurrent herewith."

It appears to us from the reading of the policy that "the amount hereby insured" as used in appellant's policy, means the whole amount of insurance covered by the policy, that is the sum of $2,500. No good reason appears to us why those words as they appear in the provision, relating to the apportionment of loss, should require the dividing up of the amount of insurance named in the policy into the different items mentioned. Had appellant desired the provision in question to bear the construction it here seeks to give it, it could readily have made the meaning clear by the insertion of additional words giving it that effect. This it failed to do and it should now be held to that construction which seems to be in accordance with the ordinary meaning attached to the words used. If the above interpretation be given to the phrase "the amount hereby insured," then the words "the whole insurance" must necessarily mean the total of the two policies, that is the sum of $5,000, and as the amount insured in each policy was the sum of $2,500, each should bear one-half of the loss, as was properly determined by the court below. If appellant had issued three separate policies, one on each of the three store rooms named and the American Central Company had issued its blanket policy as referred to herein, upon all of them, a different question would have been presented and what we have here said is not intended to apply to such a case. Appellant raises the question that appellee is not entitled to recover here for the reason that the policy was issued to appellee and one S. O. Snyder and that while the declaration alleges that Snyder assigned his interest to appellee, with the written consent of appellant, no proof of such assignment or consent was made. This objection, even if it could

properly be availed of by appellant, under the record as it is here, is fully covered by the agreement of counsel made in the trial court and above referred to, that while the policy was issued to appellee and Snyder, yet at the time of the fire, appellee "was the sole owner and beneficiary in the policy."

The judgment of the court below will be affirmed.

*Affirmed.*