JOHN FARSON *et al.*

*v.*

OSCAR B. HUTCHINS.

*Filed at Ottawa November 9, 1896.*

APPEALS AND ERRORS—*questions not raised below will not be considered.* A question not raised and passed upon in the trial court can not be considered in the Supreme Court in a case where only legal questions can be reviewed.

*Farson* v. *Hutchins*, 62 Ill. App. 439, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

MANN, HAYES & MILLER, for appellants.

JOHN S. HUEY, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court of Cook county, in favor of appellee, against appellants. The case is submitted here on the briefs and arguments filed in the Appellate Court.

Counsel for appellants state the case and the grounds upon which they rely for a reversal of the judgment below, as follows:

"This is an assumpsit suit, brought by appellee to recover, under the common counts, upon a claim for money had and received. Appellants' firm was the depository of a certain real estate contract and $1000 earnest money connected with the sale of land. The contract itself provides that the earnest money shall be held by appellants for the mutual benefit of the parties thereto. About a month after the expiration of the time stipulated in the contract for its fulfillment, appellants turned over the

contract and earnest money to the vendor, Thomas W. Sprague. Appellee claims that the money should have been returned to him, and he brought suit in assumpsit against appellants, together with Sprague, seeking to recover the said earnest money. Upon the trial below, and after hearing all the evidence, appellee dismissed proceedings against the vendor, Sprague, and prosecuted his suit against appellants. Jury was waived by parties and a finding and judgment rendered against appellants for the sum of $1214.50, being the amount of the earnest money and interest. From this finding and judgment appellants have appealed to this court.

"The contention of appellants and reasons for the reversal of said judgments are: First, the action is improperly brought against them—that appellants are not liable in assumpsit upon the common counts; second, no demand is shown to have been made by appellee before the commencement of the suit; third, appellee is not entitled, in law or fact, to the return of the earnest money, therefore the finding of the court below was contrary to the law and evidence."

The errors relied upon, it will be seen, raise no questions of law upon the admission or exclusion of evidence. They each proceed upon the theory that upon the facts proved no cause of action is shown. No written propositions to be held as law in the decision of the case were submitted to the trial court, as provided by section 41 of the Practice act, relating to the trial of causes before the court without a jury. The record therefore does not contain the questions of law attempted to be raised for our decision here. *Hardy* v. *Rapp*, 112 Ill. 359; *Merrimac Paper Co.* v. *Savings Bank*, 129 id. 296; *St. Louis and Cairo Railroad Co.* v. *East St. Louis and Carondelet Railway Co.* 139 id. 401; *Crean* v. *Hourigan*, 158 id. 301, and cases cited.

The judgment of the Appellate Court will accordingly be affirmed.                                    *Judgment affirmed.*