THE CHICAGO GREAT WESTERN RAILWAY COMPANY

*v.*

THE PEOPLE *ex rel.* A. A. Bennett.

*Opinion filed April 17, 1899—Rehearing denied June 7, 1899.*

1. MANDAMUS—*common law rules of pleading apply in mandamus.* *Mandamus* being a common law action, the pleadings in the circuit court are governed by common law rules.

2. SAME—*answer to merits of petition waives demurrer.*    An answer to the merits of a petition for *mandamus* waives a demurrer.

3. SAME—*when issues in mandamus are of fact only.*    The legal sufficiency of a petition for *mandamus* is not questioned by an answer to the merits containing a clause setting up facts designed to raise

an issue of law as to the right of the petitioner to the relief prayed, where the petitioner replies denying such facts and averring new matter, and the defendant files a rejoinder specifically denying the allegations of the replication.

*Chicago Great Western Ry. Co.* v. *People,* 79 Ill. App. 529, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. H. B. WILLIS, Judge, presiding.

HENRY A. GARDNER, and H. L. STERN, for appellant.

BOTSFORD, WAYNE & BOTSFORD, and H. G. HEMP-STEAD, City Attorney, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The circuit court of Kane county, upon the petition of the appellee, entered judgment awarding a peremptory writ of *mandamus* commanding the appellant company to erect over its railway tracks at the intersection of Third street, in the city of St. Charles, an iron or steel bridge in accordance with plans and specifications detailed in the judgment. The Appellate Court for the Second District affirmed the judgment, and this is an appeal from the judgment of the latter court.

The circuit court was not asked to rule on propositions of law applicable to the case, and no exception was saved or objection entered to the rulings of the court as to the admissibility of evidence. The judgment of the Appellate Court conclusively determined all questions of fact involved, and we do not find the record presents any question of law for the consideration of the court.

Appellant contends the question of the sufficiency of the petition to warrant the relief prayed for and granted by the court was raised by demurrer. This position is not tenable. The petition, in substance, alleged that the said city of St. Charles, on the application of the appellant company, adopted an ordinance granting said com-

pany license and permission to construct and operate
its railroad tracks on, along and across certain streets,
and that said ordinance provided said company, its suc-
cessors and assigns, should at all times keep and main-
tain in good repair and at its own expense, at all places
where the said road or track or tracks, switches or side-
tracks, shall cross any of said streets so mentioned in
said ordinance, suitable, safe and sufficient crossings and
bridges and approaches thereto, and so as to interfere in
the least manner possible with the use of such streets by
the public, and to so construct and *keep* in repair, subject
to the approval of said city, and that said company ac-
cepted such ordinance, entered upon the streets of the
said city under the authority thereof and constructed its
road, and operated and is still operating the same on,
along and across said streets by virtue of the authority
so to do given by said ordinance, etc.; that the said rail-
road company, in so constructing and operating its said
railroad over and across said Third street, wholly de-
stroyed and impaired the use thereof for passage over
and across the said railroad track at its intersection of
said Third street, and that the same has since been and
now is impassable for public travel there over the said
company's right of way by reason of a deep cut or exca-
vation made in the said street at said intersection, and
where, to make the same accessible for travel over the
same at such intersection, is required to be constructed
a suitable, safe and sufficient bridge or viaduct, with ap-
proaches thereto, so as to allow an unobstructed passage
by the public over said street at said intersection; that
by reason and force of said ordinance, as well as by the
statute in such case made and provided, it became and
was the duty of said railway company, its successors and
assigns, to construct and maintain on its right of way
a safe and suitable bridge or crossing over said railway
track at such intersection, so that the said street at said
crossing would thereby be convenient, safe and access-

ible for the public travel over the same. The petition alleged said company had failed and refused to perform the duty resting upon it to construct a safe and suitable bridge or crossing over said railway tracks at the intersection thereof with said Third street, and that the relator had caused notice in writing to be served upon the said company more than thirty days prior to the filing of said petition, demanding it should construct a bridge, with approaches, over its tracks at said crossing at Third street in accordance with plans and specifications which had theretofore been approved by the city council of the said city of St. Charles, copies of such plans and specifications being attached to such notice.

The appellant company filed an answer, consisting of eight paragraphs. Paragraphs 1 to 6 inclusive were directed to the allegations of the petition, and either denied or admitted the truth of such allegations. Paragraphs 7 and 8 were as follows:

"*Seventh*—It further says, that while it was provided in said ordinance that the said railway company should keep and maintain suitable, safe and sufficient crossings and bridges, and approaches thereto, at the crossings of the streets named in the said ordinance, and that the work furnished by the said Minnesota and Northwestern Railway Company was to be done subject to the approval of the said city council, yet it in no way required that the said last named railway company should be required to put in such crossings or bridges as the said city council might require; that it, the Chicago Great Western Railway Company, on, to-wit, the third day of August, 1896, submitted a plan for a bridge and crossing on Third street, which provided for a safe, suitable and sufficient bridge for the uses to which the same were to be adapted, for the use of the said street, but that the city council rejected the plans and refused to allow it to construct a bridge in accordance with the said plans submitted to the said city, but demanded that the said Chicago Great

Western Railway Company should erect a bridge in accordance with the notice served upon it by the said city, dated January 4, 1897, a copy of which is attached to said petition.

"*Eighth*—The said Chicago Great Western Railway Company denies that it is legally obliged to conform to the requirements of the said notice, and prays that this its answer may be taken and held as a demurrer to the petition so far as the same requires the said railway company to construct a bridge in accordance with the said notice, and that it may have the same benefit and advantage therefrom as if it had for such cause demurred."

It will be perceived these paragraphs relate to the alleged duty of the appellant company to construct a bridge in accordance with the plans and specifications attached to the notice set forth in the petition. Paragraph 7 alleges the appellant submitted to the city council a plan for a safe, suitable and sufficient bridge to be built by it at the crossing, but that the council rejected such plan and demanded the bridge should be constructed in accordance with the plans and specifications which accompanied the notice. Paragraph 8 asserts the law does not require the appellant company shall erect a bridge in accordance with the plans and specifications mentioned in the petition, and asks that the answer shall be taken as a demurrer to that portion of the petition which assumes to allege it owes such duty to the appellee city.

The relator filed a replication to the answer, averring that after the passage of the ordinance and the acceptance thereof, as alleged in the petition, the said city council and the appellant company, in view of the fact the ordinance provided the bridges and approaches to be erected in its streets over the tracks of the appellant company should be such as would meet the approval of the city council of the city, conferred together as to the character of the bridge to be erected over the tracks at their intersection of said Third street, and agreed that

a bridge should be constructed there "of the kind, description and of the material substantially as required by the plans and specifications" attached to the notice mentioned in the petition, and that the company agreed it would construct a bridge in accordance therewith, and said city council agreed and consented to accept a bridge of that character as being a safe, suitable and sufficient bridge under said ordinance. The appellant company filed a rejoinder specifically denying the allegations of the replication. The purpose of the replication was to introduce facts to meet and deny the averments of paragraph 7, and show the appellant accepted the plans and specifications mentioned in the petition and agreed to erect a bridge in accordance therewith, and thereby justify the position of the petitioner, in point of law and fact, that it was the duty of the appellant company to build a bridge in accordance with the plans and specifications attached to the notice mentioned in the petition, and thus obviate the legal objection sought to be interposed by paragraph 8 of the answer. The appellant company so accepted the replication and pleaded to it accordingly, by way of rejoinder denying the allegations of fact in the replication were true. It thereby conceded the facts alleged in the replication were sufficient as matter of law, and if true removed the grounds of demurrer alluded to in paragraph 8. It is beyond discussion the pleadings presented issues of fact only.

To the end no misunderstandings may arise it seems necessary we should remark *mandamus* is a common law action, and in the circuit court is governed by common law rules as to pleadings, (*People ex rel.* v. *Crabb*, 156 Ill. 155; Rev. Stat. chap. 87, secs. 2, 4,) and that the familiar rule a plea to the merits in bar of the action waives a demurrer to the declaration is·applicable to an answer to the merits of a petition in *mandamus.*

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*