## August S. Wehrheim v. The Thiel Detective Co.

1. PRACTICE—*Exceptions to Judgments Must Be Preserved.*—Unless there is a bill of exceptions showing that a party excepted to the judgment where the trial was by the court without a jury, or made a motion for a new trial, and saved an exception to the decision of the court overruling such motion where it was by jury trial, a court of review is precluded from considering the sufficiency of the evidence to support the judgment, and can only review such questions as arise upon the pleadings.

2. SAME—*Exceptions, How Preserved.*—The fact that such exceptions appear in the judgment order, or the order allowing an appeal as made up by the clerk and certified by him, is not sufficient; they must be preserved in a bill of exceptions.

3. SAME—*When a Bill of Exceptions is Necessary.*—Where it is desired to assign error upon a decision of the court, the motion and the ruling of the court upon it, together with the exception, must be preserved in the record by a bill of exceptions.

4. EXCEPTIONS—*Object of the Bill.*—It is the object of a bill of exceptions to put the decision objected to upon record for the information of the reviewing court.

**Assumpsit.**—Common counts. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed February 13, 1900. Rehearing denied.

WILLIAM B. BRADFORD, attorney for appellant.

CHARLES B. OBERMEYER, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court. We are met at the outset in this case with the objection that the bill of exceptions contains no allusion to any exception to the judgment. Examination discloses that the point is well taken. If such exceptions were in fact taken, they are not preserved in the bill of exceptions.

It has been repeatedly held that unless there is a bill of exceptions showing that appellant excepted to the judgment where the trial was by the court without a jury, or made a motion for a new trial, and saved an exception to the decis-

ion of the court overruling such motion where there was a jury trial, it will be understood that the defendant acquiesced therein; that the reviewing court is, in the absence of such a bill of exceptions, precluded from considering the sufficiency of the evidence to support the judgment, and can only review such questions as arise upon the pleadings. Stern v. The People, 96 Ill. 475 (479); James v. Dexter, 113 Ill. 654 (636), and cases there cited; Martin v. Foulke, 114 Ill. 206 (207); Fireman's Ins. Co. v. Peck, 126 Ill. 494, and cases there cited; Harris v. The People, 130 Ill. 457 (463); Everett v. Collinsville, 41 Ill. App. 553; E. St. L. Electric St. R. R. Co. v. Cauley, 49 Ill. App. 310; Sands v. Kagey, 150 Ill. 109; Ill. C. R. R. Co. v. O'Keefe, 154 Ill. 511; Dickinson v. Gray, 72 Ill. App. 55, and many others.

In Fireman's Ins. Co. v. Peck, above cited, which was a case tried without the intervention of a jury, as in the case at bar, the Supreme Court were urged to change the rule, where the proper motions and exceptions appeared in the judgment order, or order allowing an appeal so made up by the clerk and certified by him, and refused to do so, stating that the practice has been so long settled in this State it ought not to be departed from.

The rule is applicable generally to all motions where it is desired to assign error upon the decision of the court thereon, that the motion, the ruling of the court upon it and the exception shall be preserved in the record by bill of exceptions. C. R. I. & P. Ry. Co. v. Town of Calumet, 151 Ill. 512, and cases cited. An exception can only be made part of the record by so embodying it in a bill of exceptions. Martin v. Foulke, *supra*. In this is found the reason of the rule. It is the object of a bill of exceptions to put the decision objected to upon record for the information of the reviewing court.

It may be that the evidence in this case does not justify the finding and judgment. The proof, so far as the record shows, does not appear to establish as satisfactorily as could be desired that the services sued for were actually rendered, nor the disbursements as charged actually expended,

although they may have been.   But we are precluded from considering the sufficiency of the evidence, and must presume that the finding of the trial court was correct.   The judgment must be affirmed.