## Carter H. Harrison, Mayor, etc., v. John Boetter.

1. PRACTICE—*In Mandamus Proceedings.*—Under the statute a mandamus proceeding is governed by the rules of pleading applicable to other actions at law.

2. SAME—*Exceptions to Judgments in Trials Without a Jury.*—Where it does not appear from the bill of exceptions that an exception was taken to the finding and judgment when, as in proceedings by mandamus, the hearing is before the court without a jury, the party bringing the case to this court is precluded from challenging the sufficiency of the evidence in support of the finding, and assignments of error in that respect can not be considered.

3. EXCEPTIONS—*In What Manner Preserved.*—It is not sufficient that proper exceptions appear in the judgment order allowing an appeal. They must appear in the bill of exceptions, signed and sealed by the judge, and can only be taken and preserved in that manner.

4. PROPOSITIONS OF LAW—*Where None Are Submitted.*—As no propositions of law, in accordance with section 42 of the practice act, were submitted to the trial court, no question is presented by the record in this case upon which the Appellate Court can pass.

5. ABSTRACTS—*How to be Construed.*—An appellant's abstract must, as against him, be deemed sufficiently full and accurate to present all the errors upon which he relies.

MR. JUSTICE SHEPARD dissenting.

6. APPELLATE COURT PRACTICE—*Cases Can Not be Determined upon the Agreement of Parties.*—The Appellate Court is not at liberty to dispose of cases upon agreement of counsel as to what the record of the court below was. It is by the record made by that court that this court is at liberty to act, not what counsel may say it was.

Mandamus.—Error to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed April 27, 1900.

CHARLES M. WALKER and C. C. H. FYFFE, attorneys for plaintiff in error.

WINSTON & MEAGHER, MANN & MILLER, F. R. BABCOCK and GEORGE W. MILLLR, attorneys for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

We are met at the threshold in consideration of this case with the objection, that as no propositions of law were submitted by plaintiff in error to the trial court, and no excep-

tion to the judgment appears by the bill of exceptions to have been taken, we can not inquire into the sufficiency of the evidence to support the judgment.

This contention is justified by the record. It would appear from the clerk's statement as shown by the record itself, were we able to consider it, that after the judgment of the court directing the peremptory writ of mandamus to issue was rendered, the defendant entered his exceptions and prayed an appeal. But in the bill of exceptions itself as signed and sealed by the judge, no such exception appears.

The statute provides (Rev. Stat., Chap. 87) that upon filing a petition for mandamus summons shall issue "in like form as other summons in suits at law;" that " like proceedings shall be had as in other cases at law," and that appeals and writs of error may be prosecuted as in other civil cases. Under this statute it has been held repeatedly that a mandamus proceeding is governed by the rules of pleading applicable to other actions at law. Board of Supervisors v. The People, 159 Ill. 242; Chicago G. W. Ry. Co. v. The People, 179 Ill. 441; The People v. Chytraus, 183 Ill. 190.

It seems to be the clear requirement that the general practice in these cases must be such as in ordinary suits at law so far as applicable. We know of no reason why the practice with reference to exceptions to the rulings of the court is not so applicable. It has been recognized by counsel in this case by presentation here of a bill of exceptions. The difficulty is that the bill of exceptions does not go far enough. The defect would be fatal in any other law case, and we are unable to find any sufficient ground of distinction in view of the express provision of the statute between mandamus in this respect and " other cases at law

The settled rule in this State is, where it does not appear from the bill of exceptions there was an exception taken to the finding and judgment when, as in this case, and as usual in mandamus cases, the hearing is before the court without a jury, that the appellant or plaintiff in error is precluded from challenging in an Appellate Court the sufficiency of the evidence to support the finding, and the assignments of

error in that behalf can not be considered. It is not sufficient that proper exceptions appear in the judgment order allowing an appeal. They must appear in the bill of exceptions signed and sealed by the judge, and the exception can only be taken and preserved in that manner. Fireman's Ins. Co. v. Peck, 126 Ill. 493; I. C. R. R. Co. v. O'Keefe, 154 Ill. 508; Bailey v. Smith, 168 Ill. 84; Rev. Stat., Chap. 110, Sec. 60, 61, 62. The rule is stated and the authorities which support it will be found more fully cited in Wehrheim v. The Thiel Detective Service Company, 87 Ill. App. 565.

We are precluded from considering the sufficiency of the evidence, and must presume the finding of the trial court was correct.

No written propositions of law in accordance with section 42 of the practice act, were submitted to the trial court. "There is, therefore, no question presented by the record upon which we can pass." Gould v. Howe, 127 Ill. 251; Peterson v. Currier, 163 Ill. 528; Boyce v. Commercial Publishing Co., 169 Ill. 256.

It is proper to state that the transcript of the record in this case has been apparently mislaid or lost since it was duly filed in this court, and since the filing of the abstracts and briefs. No complaint is made, however, as to the accuracy and completeness of the abstract which is prepared by counsel for plaintiff in error and must be taken as conclusive against him. An appellant's abstract must, as against him, be deemed to be sufficiently full and accurate to present all the errors upon which he relies. C., P. & St. L. Ry. Co. v. Wolf, 137 Ill. 364; Shields v. Brown, 64 Ill. App. 259, and cases there cited. It must, we think, be deemed at least so far accurate as not to be presumed to omit anything, if contained in the transcript, which is necessary to the prosecution of his appeal or to a writ of error in this court. But, however that may be, the transcript of the record itself, so far as appears, is in possession of the clerk of this court. The records of the court so show, and that presumption must still be indulged until the contrary appears. The fact that it may have got into the wrong file

for the time being does not deprive the court of its jurisdiction, nor justify us in delaying or refusing to determine the rights of the parties, where actual reference to the transcript itself is not necessary for that purpose.

The judgment of the Circuit Court must be affirmed.

MR. JUSTICE SHEPARD dissenting :

I can not agree to conclusions which have for their basis alleged defects in a record not before us. The transcript of the record in this case, including the bill of exceptions, has in some manner disappeared from the files of this court. Whether or not a proper exception or something that operates to waive or excuse it is thereby shown, can only be determined by an inspection of the transcript itself. The circumstances that counsel in the preparation of their abstracts and briefs do not disagree as to what the transcript shows is not enough. We are not at liberty to dispose of cases upon agreement of counsel as to what the record of the court below was. It is the record made by that court that we are at liberty to review—not what counsel may say it was.