Moore v. H. M. Hooker Co.

---

## J. W. Moore et al., Partners under the Name of the Moore-Gabbert Co., v. H. M. Hooker Co.

1. CONTRACTS—*Assumption of Contract Liabilities.*—Where a party assumes the responsibility for the fulfillment of a contract of another party, the party to whom such person is bound, when notified of and assenting to the arrangement, establishes a contractual relation between such person and the party assuming the responsibility.

2. APPELLATE COURT PRACTICE—*Errors Assigned, but Not Discussed, Abandoned.*—Cross-errors assigned, but not discussed in the printed briefs, are considered as abandoned.

Assumpsit.—Appeal from the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed April 9, 1902.

On the 15th of October, 1898, the Huff Bros. Lumber and Planing Mill Company, of Decatur, Illinois, entered into a written contract with Goehring & Fuller, contractors, to build the Coles county court house, to furnish the mill work and certain of the glass for the court house for $6,350, to be paid in monthly installments as the material was furnished and placed in the building.

In April following, the lumber company entered into a contract with appellee, the H. M. Hooker Company, of Chicago, to furnish the glass required by the contract with Goehring & Fuller for $1,675.

After the lumber company had partially performed its contract with Goehring & Fuller, it entered into the following written agreement with appellants, a firm engaged in the lumber and planing mill business at Mattoon, Illinois:

"This agreement, entered into this 25th day of September, 1899, by and between the Moore-Gabbert Co., of the first part, and Huff Bros. Lumber and Planing Mill Co., of the second part, witnesseth:

That, whereas, the said parties of the first part have this day assumed all responsibility for the fulfillment of one certain contract of said parties of the second part for the furnishing of all the mill work to complete the Coles county court house, taking it as it stands on date hereof, in consideration of said assumption the said parties of the second part do hereby agree and bind themselves, their heirs, executors, administrators and assigns, to pay to said parties of the first part the sum of six hundred and ninety-eight dollars, in payments as follows: $175 on Oct. 25, 1899; $175 on Nov. 25, 1899; $175 on Dec. 25, 1899; $173 on Jan. 25, following date hereof. The said parties of the second part to turn over a contract to parties of the first part and guarantee fulfilling a contract for the purchase of

glass to complete the job for the sum of $1,675, delivered at Charleston, Ill., and the parties of the first part agree to accept said glass on said contract.

(Signed)   THE MOORE-GABBERT CO. [SEAL.]
       R. A. Gabbert.
(Signed) HUFF BROS. LUMBER & PLANING MILL CO. [SEAL.]
   By S. E. Huff, Secretary.
    Spencer E. Huff,
    Will J. Huff. .

At the time this contract was made, appellee had not yet furnished any of the glass contracted for, and soon after, R. A. Gabbert, a member of appellant's firm, called upon appellee at its place of business at Chicago, and arranged with its manager for the shipment of the glass. There is a dispute as to what conversation occurred at the time, but the glass was subsequently shipped from time to time under the direction of appellants and was charged to them upon appellee's books, until the entire amount called for by the contract was received and used by appellants in the construction of the court house. Appellants refused to pay appellee's bill for the glass, claiming that the Huff Bros. Lumber and Planing Mill Company was responsible to appellee for its payment.

This suit followed, resulting in a verdict and judgment against appellants for $1,723.86—being the amount of the contracted claim, $1,675—and interest thereon to date of trial.

CRAIG & KINZEL, attorneys for appellants; J. W. & E. C. CRAIG, of counsel.

MILLS BROS., attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

It is not disputed that the glass, to recover the price for which this suit was brought, was received by appellants and used by them in the fulfillment of the contract of October, 15, 1898, originally entered into between the Huff Bros.' Lumber and Planing Mill Company and Goehring & Fuller. The contest is over who should pay for it.

It is contended by appellee that upon the execution of the contract of September 25, 1899, between appellants and the Huff Bros.' Lumber and Planing Mill Company, subsequently acquiesced in by appellee, appellants took the place of the Huff Bros.' Lumber and Planing Mill Company in its contract with appellee for the glass and upon its delivery to them they became liable for the contract price. On the other hand, it is contended by appellants that they assumed no liability for the glass, and that by the contract of September 25, 1899, they only undertook to furnish the mill work. As evidenced by the instructions given to the jury, the trial judge adopted the theory of appellee.

The contract between Huff Bros.' Lumber and Planing Mill Company and Goehring & Fuller, required the former to furnish the glass in question as well as the mill work for the Coles county court house. The first clause of the contract directly in issue, the one between appellants and Huff Bros.' Lumber and Planing Company, reads as follows:

" Whereas the said parties of the first part have this day assumed all responsibility for the fulfillment of one certain contract of said parties of the second part for the furnishing of all the mill work to complete the Coles county court house, taking it as it stands on the date hereof."

Read by itself, that clause might leave some doubt as to whether appellants assumed more responsibility for the fulfillment of the contract with Goehring & Fuller than related to the mill work; but when read in connection with the subsequent clause which required Huff Bros.' Lumber and Planing Mill Company to turn over to appellants the contract which it had made with appellee for the purchase of the glass and to guarantee its fulfillment at the agreed price of $1,675, it seems clear to our minds that appellants assumed the responsibility of fulfilling the entire contract which the other party had made with Goehring & Fuller. By the last mentioned clause also, appellants agreed to accept the glass in accordance with the contract made with appellee and the Huff Bros.' Lumber and Planing Mill Company. Appellee, when notified, assented to the ar-

rangement, and that, in our opinion, established a contractual relation between appellant and appellee.

It is difficult for us to understand, if appellants intended to assume no obligation except what related to the mill work, why anything should be said in their agreement about the glass contract. Why should they require the glass contract to be turned over to them and a guarantee for its fulfillment of the price of $1,675, if they were to have nothing to do with furnishing or setting the glass? The contention of appellants is refuted by a letter written by them on December 9, 1899, to Huff Bros.' Lumber and Planing Mill Company, concerning a certain freight bill forwarded by appellee, and which they said they would charge to appellee's account as soon as the glass should be delivered. The letter concluded with the statement that there was an amount—a certain amount—set aside for the payment of appellee for the glass.

Appellants insist that it is shown by the evidence that when R. A. Gabbert went to Chicago to see about the delivery of the glass, he expressly told Sanders, appellee's manager, that appellants were not to be responsible for payment of the glass. Sanders denied Gabbert's statements in that regard and testified that Gabbert told him that appellants had the entire contract for furnishing the mill work and glass for the court house and that it was understood and agreed that the goods should be charged to appellants. In the view taken by us of the written contract, we do not deem it necessary to comment upon the testimony, conflicting as it was.

The instructions are consistent with the construction placed by us on the written contract in issue and need not be commented upon.

When the suit was brought, appellants owed appellee $267.88 on another matter which they tendered and deposited with the clerk, but which was not included in the verdict. Appellee moved that the judgment be augmented that amount over the finding of the jury, which was overruled. The court likewise overruled a motion for a rule on

the clerk to pay appellee $267.88 without crediting the same on the judgment for $1,723.86. Cross-errors are assigned on such ruling, but as they are not discussed in the printed briefs, they will be considered as abandoned. Judgment affirmed.