|104    463|
|a209s  522|

### David A. Schuler v. Anna M. Schuler.

1. PRACTICE—*Sufficiency of Evidence Before the Court on Exception to Overruling of Motion for a New Trial.*—Where a party does not object to evidence when offered, it may be brought before this court by moving for a new trial on the ground that the finding was against the evidence in the case, and preserving an exception to the overruling of such motion.

Debt, on a judgment. Appeal from the Circuit Court of Rock Island County; the Hon. FRANK D. RAMSAY, Judge presiding. Heard in this court at the April term, 1902. Reversed. Opinion filed October 14, 1902.

WILLIAM A. MEESE and M. J. McENIRY, attorneys for appellant.

W. R. MOORE, attorney for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is a suit in debt. The declaration recites that at the May term, 1893, of the Court of Oyer and Terminer and General Jail Delivery and Quarter Sessions of the Peace, for the County of Philadelphia in the State of Pennsylvania, appellee recovered against appellant the sum of $5 a week for her support, as his wife; that said judgment still remains in full force and appellee has not obtained satisfaction thereof; that the sum of $1,955 is due and owing her upon the same. Appellant filed two pleas: first, the five years' statute of limitations, and second, that at the time of the entry of the judgment mentioned in the declaration, he was not the husband of appellee, but had prior thereto, on May 23, 1892, been divorced from her by a

decree of the Court of Common Pleas of Clark County in the State of Ohio. Appellee filed a replication to the first plea and a demurrer to the plea setting up the Ohio divorce. The demurrer was sustained and appellant then filed a plea of *nul tiel record*, to which replication was filed. Issue was joined, a jury was waived and the case tried by the court. There was a finding for appellee in the sum of $1,275, which amount was ascertained by charging appellant at the rate of $5 per week for the five years last preceding the commencement of the suit, and giving credit for $25 claimed by appellee to have been paid her by appellant, but the payment of which appellant denied.

Appellant filed a motion for a new trial, which was denied, and judgment entered upon the finding.

Appellant claims that the matters in controversy here are *res adjudicata*, by reason of the decree of divorce in Ohio set out in appellant's second plea. A demurrer was sustained to that plea, however, and the action of the court in sustaining the same was not assigned by appellant as error, nor was the Ohio decree offered in evidence; consequently no question is raised for us as to the effect of that decree upon this case.

Appellant also insists that the judgment sued on is in the nature of a judgment for a statutory penalty rendered in another state and of such a character that the courts of this state will not enforce it.

Appellant did not object to the decree of the Philadelphia court when it was offered in evidence or submit any propositions of law to the court, and it is therefore contended by appellee that no objection based upon that decree can be raised for our consideration. He, however, made a motion for a new trial, assigning among other reasons in support of the motion, that the finding was against the evidence in the case, and that the finding should have been for the defendant and against the plaintiff. He also excepted to the overruling of said motion and the judgment of the court, and assigned as error that the finding of the court was contrary to the evidence. Under these circumstances we are of opinion that the question of the sufficiency of the

evidence to support the finding and judgment is properly presented to us. Harrison v. Boetter, 88 Ill. App. 549; Wehrheim v. Thiel Detective Co., 87 Ill. App. 565, and cases cited.

The averment of the declaration was that by the judgment of the Philadelphia court, appellee recovered against appellant in a certain action of desertion, the sum of $5 per week for her support as his wife. The judgment offered in evidence was, however, not such a judgment. The suit in which that judgment was rendered was not one by Anna M. Schuler against David A. Schuler, but was a proceeding by the Commonwealth of Pennsylvania against David A. Schuler. It was commenced by complaint of appellee on oath, a warrant was issued charging appellant with desertion and he was arrested and required to give bail for his appearance at the next term of court. The judgment was that appellant pay $5 a week for the support of his wife from June 14, 1893, and that he give security in the sum of $2,500 for the faithful performance of the order of the court; that he pay the costs and stand committed until the order be complied with.

This was not a judgment recovered by appellee against appellant. The whole proceeding was of a criminal or quasi-criminal character. The court should have found for appellant on the issue of *nul tiel record*.

The judgment of the court below will therefore be reversed, but as in our opinion no judgment can be sustained in favor of appellee upon the Philadelphia judgment, the cause will not be remanded.

Reversed.