Cramer v. Burkhalter.

108    513
a207s    34

108    513
Benjamin Cramer et al. v. John C. Burkhalter et al.    e115    453

1. PRACTICE—*Where Propositions of Law Should be Offered.*—In a trial without a jury where questions of law are to be determined, propositions of law should be presented and a ruling of the trial court thereon procured, and a failure to present such propositions leaves no questions of law that an appellate court may review.

2. APPELLATE COURT PRACTICE—*When the Bill of Exceptions Does Not Show Exceptions Taken to Findings of the Trial Court.*—Where it does not appear from the bill of exceptions that an exception was taken to the finding and judgment of the court, when the hearing is before the same without a jury, the appellant or plaintiff in error is precluded from challenging in this court, the sufficiency of the evidence to support the finding, and an assignment of error in that behalf can not here be considered.

3. SAME—*Objections to Action of Trial Court Not Argued, Are Waived.*—All objections to the action of the trial court which are not argued in this court will be considered as waived.

Mandamus.—Error to the Circuit Court of Knox County; the Hon. JOHN A. GRAY, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903.

FLETCHER CARNEY, JAMES W. CARNEY and WILLIAMS, LAWRENCE & WELSH, attorneys for plaintiffs in error.

CHIPERFIELD & CHIPERFIELD, attorneys for defendants in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This is a petition for a writ of mandamus, commenced by John C. Burkhalter and Harvey Ouderkirk, as individuals, and certain parties as the commissioners of highways of the town of Maquon, Knox county, Illinois, defendants in error, against the commissioners of highways of the town of Chestnut in said county, plaintiffs in error. The defendants in error, by this action sought to compel plaintiffs in error, as such commissioners, to take the necessary steps to lay out part of a certain road upon the division line between said two townships, the final order for which was made by three supervisors of Knox county, upon an appeal by Burkhalter and Ouderkirk from the action of the highway commissioners of the two townships at a joint meeting. Two pleas were filed to the petition. The first plea set up that prior to the appeal by Burkhalter and Ouderkirk, an appeal had been taken by others from the said joint action of the commissioners of the two townships, wherein such commissioners had disagreed as to the laying out of the road in question, to three other supervisors of the county, and that these other supervisors, after granting the prayer of the petition and proceeding so far as to assess the damages, revoked and annulled all the former proceedings and refused the prayer of the petition on account of the excessive cost of the road. The second plea denied specifically every allegation of the petition, except the official capacities of the commissioners. The issues having been made up, there was a trial before the court and a finding and judgment in favor of the petitioners. This is a writ of error to reverse that judgment.

It is claimed by plaintiffs in error that petitioners did not offer, and the bill of exceptions does not contain, evidence to show that the notice required by law, of the meeting to lay out the road, was given and posted as required by the

statute; that the alleged notice was not sufficiently definite as to time and that it was not shown that a proper and legal record of the posting and service of the same was kept by the commissioners. If these be viewed as questions of law, then they are not preserved for our determination, for no propositions of law were presented to be passed upon by the trial court, and in a case tried without a jury, propositions of law are necessary to preserve such questions for consideration here. If the plaintiffs in error desired to raise the issue as to whether such notice was sufficient, or the posting and service of the same properly recorded according to law, they should have presented appropriate propositions of law for that purpose and thus procured a ruling of the trial court thereon, and their failure so to do, leaves nothing in that respect which we are authorized to review. Farson v. Hutchins, 163 Ill. 445; Crean v. Hourigan, 158 Ill. 301; The People v. McCoy, 132 Ill. 138; Kern v. The Chicago Brewery Association, 140 Ill. 371.

If the questions argued be considered as questions of fact or as involving a case where the court drew a wrong conclusion from the proofs on the trial, then the action of the court below is not presented for our consideration, as the bill of exceptions does not contain any finding of the court nor any exception either to the finding or the judgment of the same. Where it does not appear from the bill of exceptions that an exception was taken to the finding and judgment of the court, when the hearing is before the same without a jury, the plaintiff in error is precluded from challenging in this court, the sufficiency of evidence to support the finding, and an assignment of error in that behalf can not here be considered. It is not sufficient that proper exceptions appear in the judgment order of the court in this case; they must appear in the bill of exceptions signed and sealed by the judge. Harrison v. Boetter, 88 Ill. App. 549; Wehrheim v. Thiel Detective Co., 87 Ill. App. 565.

The bill of exceptions does not purport to contain all the

evidence heard upon the trial as is necessary to question the sufficiency of the same, but on the other hand discloses that various papers and documents were admitted in evidence and were omitted from the certificate of evidence by stipulation of counsel. One of these was afterward inserted by an amendment to the bill of exceptions at the instance of the defendant in error. There were others, however, that were not supplied, and it must be presumed if they had been, they would support the judgment of the trial court. The only questions argued are whether the notice was sufficient in form, whether posted or given as required by law, and whether the evidence of posting was competent. None of these questions being preserved by the bill of exceptions and all other questions which might arise upon the record being waived, because not argued (Harding v. People, 202 Ill. 122), we conclude nothing is presented for our decision. The judgment of the court below is therefore affirmed.