## Moore & Evans, a corporation, v. Wells Fargo & Company Express.

### Gen. No. 11,355.

1. PROPOSITIONS OF LAW—*when assignment of error based upon refusal of, deemed waived.*  Where propositions of law refused by the court are not discussed nor mentioned in the printed brief of the complaining party, the error assigned upon such refusal is regarded as abandoned.

2. FINDING AND JUDGMENT—*when sufficiency of evidence to support, will not be considered on appeal.*  Where the bill of exceptions fails to show an exception to the finding and judgment of the court, but merely a motion to set aside such finding and for a new trial, the Appellate Court will not review the question as to whether such finding and judgment is contrary to the law and the evidence.

Action of trover.  Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1903.  Affirmed.  Opinion filed October 25, 1904.  Rehearing denied November 11, 1904.

GRANT NEWELL and D. FLETCHER HAYMES, for appellant.

HOLT, WHEELER & SIDLEY, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellant brought this suit in trover and in a trial by the court without a jury there was a finding and judgment for the defendant.

Plaintiff submitted at the trial certain written propositions to be held as law in the decision of the case which the court refused to hold and the plaintiff excepted to such refusal.  The propositions so refused are not discussed nor even mentioned in the printed brief of appellant, and the error assigned upon their refusal must be regarded as abandoned.  Harding v. The People, 202 Ill. 122; Pearce v. Miller, 201 Ill. 188; Moore v. Hooker, 101 Ill. App. 177–182.

The assignment of error relied upon in the brief of appellant for the reversal of the judgment is that " The finding and judgment of the court is contrary to the law and the evidence."  This assignment of error cannot, upon the

record in the case, be considered or passed upon for the reason that the bill of exceptions shows no exception to the finding or judgment of the court, but only that the plaintiff moved to set aside the finding and for a new trial, which motion was denied, " to which decision of the court in denying such motion the plaintiff then and there duly excepted."

" An Appellate Court has no authority to review questions of fact unless a statute expressly confers it, and this is so whether such questions arise upon the verdict of a jury or the findings of fact by a trial justice." 7 Encyc. of Law, ¶ 848. The right to have questions of fact reviewed on error or appeal to this state depends wholly upon sections 60 and 61 of the Practice Act, which are as follows:

" 60. Exceptions taken to decisions of the court, upon the trial of causes in which the parties agree that both matters of law and fact may be tried by the court, and in appeal cases, tried by the court without the intervention of a jury, shall be deemed and held to have been properly taken and allowed, and the party excepting may assign for error, before the Supreme Court, any decision so excepted to, whether such exception relates to receiving improper, or rejecting proper testimony, or to the final judgment of the court upon the law and evidence.

" 61. Exceptions taken to decisions of the court, overruling motions in arrest of judgment, motions for new trials, motions to amend and for continuances of causes, shall be allowed; and the party excepting may assign for error any decision so excepted."

Section 60 provides in plain terms that in cases tried by the court, to entitle a party to such review, an exception must be taken to the judgment, and section 61, in equally plain terms, that in cases tried by a jury, to entitle a party to such review he must enter his motion for a new trial and except to the order of the court overruling such motion. Section 60 is a re-enactment of section 1 and section 61 of section 2 of the act of July 21, 1837. It has been repeatedly held by the Supreme Court and by this court that, under the provisions of said section 60, in cases tried by the court, unless the bill of exceptions shows an exception to the judgment it cannot be assigned for error that the find-

ing or judgment is contrary to the evidence. Bailey v. Smith, 168 Ill. 84; Wehrheim v. Theil Detective Co., 87 Ill. App. 565, and cases there cited. No motion for a new trial is required when a case is tried by the court and if one is made and overruled an exception to the overruling of such motion cannot take the place of a proper exception to the judgment. Union Ins. Co. v. Crosby, 172 Ill. 336. We see no good reason why the procedure to entitle a party to have questions of fact reviewed on error or appeal in cases tried by the court should be different from that provided in cases tried by a jury, but it is for the legislature to say whether there shall be such review, and in case such review is provided, to prescribe the procedure therefor.

The judgment of the Superior Court will be affirmed.

*Affirmed.*