DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEARS 1924 AND 1925.

---

### W. R. Dickinson, Appellee,. v. The Pacific Mutual Life Insurance Company, Appellant.

1. APPEAL AND ERROR—*findings of fact.* Appellate Court is not permitted to reverse a finding of fact if there is any evidence tending to support it.

2. INSURANCE—*blindness as result of· accident.* In action on accident policy, whether .blindness resulted from accident, held for the jury.

3. PLEADING—*joining issue as waiver of sufficiency of pleading.* By joining issue on the facts alleged in the replication the defendant conceded they were sufficient as matter of .law and the only question to be determined was as to whether such facts were true.

4. CONSTITUTIONAL LAW—*obligation of contract.* The obligation of a contract is impaired by a statute which alters its terms by imposing new conditions, or dispensing with conditions, or which adds new duties, or releases or lessens any part of the contract obligation or substantially defeats its end.

5. INSURANCE—*when statute inapplicable as to time for filing proofs of loss.* Cahill's St. ch. 73, ¶ 467 *et seq.*, as regards time for filing proofs of loss and suit, did not apply to policies in existence when it went into effect, and it did not apply to an accident policy which was written and delivered before it went into effect and was renewed from year to year without the delivery of any new policy, the right to renew being reserved in the policy. ˙

6. TRIAL—*when submission of facts unnecessary.* It is unnecessary to submit to the jury facts which are not controverted in the evidence.

7. TRIAL—*when instructions considered as a whole.* Omissions in instructions are immaterial where, considering the instructions as a whole, the jury could not have been misled.

Appeal by defendant from the Circuit Court of Lawrence county; the Hon. J. C. KERN, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed December 2, 1924.

McGAUGHEY, TOHILL & McGAUGHEY, for appellant.

SUMMER & LEWIS, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellant issued and delivered to appellee two policies of insurance on March 16, 1910, insuring him against bodily injuries effected directly through external, violent and accidental means, wholly independent of all other causes. It agreed to pay him $5,100 in case he received such an injury if it resulted within 90 days thereafter in a total and permanent blindness in either eye. Each policy was for one year with a provision that it could be renewed, subject to the same conditions, from time to time, by payment of the same premium required by the policy. The policies were renewed annually for nine years by payment of the premium and without the issuance of new policies.

Appellee brought this suit on September 30, 1921. In a declaration in the usual form he averred that on December 11, 1918, he received a bodily injury, such as he was insured against, and as a direct result thereof, without any other cause and within 90 days thereafter, he became totally and permanently blind in his right eye; that he gave appellant notice and furnished proofs of loss, etc. Appellant pleaded the general issue and six special pleas. Demurrer was sustained to three of the special pleas and no complaint is made of the court's ruling in that regard. The fourth plea denied that the blindness resulted

solely from a bodily injury within 90 days thereafter. The sixth and seventh pleas were to the effect that by reason of the provisions of the policies and the statute of June 29, 1915, no action could be brought after the expiration of two years from the time proofs of loss were furnished and that the suit was not brought within that time.

The first replication to the sixth and seventh pleas denied that the statutory limitation of two years was a part of the insurance contracts. The second replication set out the substance of various letters and conversations alleged to have passed between appellee and agents of appellant and averred that by reason thereof the two-year-limitation clause was waived. Appellant joined issue on the replications and upon the trial appellee recovered a verdict and judgment for $6,199.33.

The court refused to direct a verdict at the close of the evidence. Appellant does not argue that there was no evidence tending to show that appellee's blindness was due to the blow received on December 11, 1918. Its contention is that the verdict, in that regard, is so far unsupported by and contrary to the evidence that it should be set aside with a finding of fact. We are not permitted to reverse with a finding of fact if there is any evidence tending to establish a cause of action. *Mirich v. Forschner Contracting Co.*, 312 Ill. 343.

Appellee testified that prior to the accident his eyesight was good and that he never had any trouble with his eyes. He says that on the day of the accident and before it occurred he was out hunting and his vision was good. Others who had fished and hunted with him for several years had never observed anything in his action to indicate that there was anything wrong with his eye. The first time appellee went hunting after the accident, about two or three weeks thereafter, he discovered, in shooting at a deer, that the sight of his right eye was gone. He at once

consulted a doctor whom he had known for several years. The doctor testified that he found the right eye was practically blind and diagnosed the case as traumatic cataract. He says that it usually requires but two or three weeks for such a cataract to develop, while a senile cataract requires several years. There is other evidence tending to show that it was a traumatic cataract while the evidence on behalf of appellant tends to show it was a senile cataract. There was a conflict in the evidence on that question and the court did not err in refusing to direct a verdict as to that point.

It is argued that the court should have directed a verdict because the suit was not begun within the time specified in the contract as amended by the statute and there was no sufficient evidence of waiver of the limitation clause. Appellee, in his replications, pleaded the evidence upon which he relied to prove a waiver and appellant joined issue thereon and does not now claim that appellee failed to prove his replications but simply contends that the evidence is insufficient to establish a waiver.

The averments of the replications were substantially proven. When issue is joined upon replications and such issue is decided against the defendant, such defendant so having joined issue will not be heard to say that such replications did not constitute a legal answer to the pleas. By joining issue on the facts alleged in the replication the defendant conceded they were sufficient as matter of law and the only question was as to whether such facts were true. *Chicago Great Western Ry. Co. v. People,* 179 Ill. 441-446; *Raymer v. Modern Brotherhood of America,* 157 Ill. App. 510.

The policies provide that: ''No legal proceedings for a recovery hereunder shall be brought within three months after receipt of proof at the office of the company at Los Angeles, California, nor at all unless begun within six months from the date of filing such

proofs. Should any limitation set forth in this paragraph be prohibited by the statutes of the state in which this policy is issued, the said limitation shall be considered to be amended to agree with the minimum period of limitation by said statutes." The time for filing proofs of loss is not fixed by the contract and there is no limitation other than six months after proofs are filed. The pleas upon which the case was tried do not rely upon the limitation clause in the policies.

Appellant contends that under the Act of 1915, Cahill's St. ch. 73, ¶ 467 *et seq.*, the policies must be construed as if they required the insured to furnish proofs of loss within 90 days after the loss and to bring suit within two years from the expiration of the time within which proofs may be filed. That contention finds support in *Hoyt v. Massachusetts Bonding & Insurance Co.*, 80 N. H. 27, 113 Atl. 219, but we cannot accept it as the law in this case.

In the case at bar the policies were issued and delivered to appellee on March 16, 1910. Each contained a provision that it could be renewed, from time to time, by the payment of the same premium required by the policy. The contract gave appellee the right to renew it. While appellant retained the right of cancellation it was never exercised and the original policies were in continuous force until after the happening of the accident. The policies provided for an increase of 10 per cent in appellant's liability for each renewal for five years.

If a new policy had been issued each year it is very doubtful if appellee would have been entitled to any increased insurance. If he would we see no reason why the increase would not begin again after the sixth policy was renewed in that manner. If each renewal was the making of a new contract the same as if a new policy were issued each year on the same terms the same uncertainties would arise. At the time the policies were issued and delivered the par-

ties had the right to make the contracts embodied therein. The agreement for renewal without the issuance of new policies and for increased insurance was a part of the contract.

Appellee should not be deprived of the benefit of his contracts, without his consent, unless the right to do so was reserved in the contracts or in the law in force at the time the contracts were made which is necessarily a part thereof. *Chalstran v. Board of Education*, 244 Ill. 470-476. Appellant reserved no right to change the terms of the contracts while they remained in force, nor was any right to do so reserved in any law then in force. To construe the statute as applicable to this case would be to hold that the legislature had the power and intended to compel appellee to agree to provisions that were not in his contracts at the time they were made and to which he had never given his consent. The obligation of a contract is impaired by a statute which alters its terms by imposing new conditions, or dispensing with conditions, or which adds new duties, or releases or lessens any part of the contract obligation or substantially defeats its end. 6 R. C. L. 328. A statute is void which attempts to alter or impair the rights of either party to a contract of insurance. 12 Corpus Juris, 1066.

The legislature did not undertake to interfere with existing contracts. The Act of 1915 was expressly prospective in its operation. It was clearly limited to policies issued on and after January 1, 1916. We are at a loss to understand how, then, it can be held, on principle, that the renewals in accordance with the terms of the contracts were within the terms of the statute. No policy was issued by appellant or delivered to appellee on or after January 1, 1916. The original policies were simply continued in force by the means therein provided for and not otherwise. To hold the statute applicable to the policies in question would be to say that the legislature intended to

impair the obligation of existing contracts.

Appellant relies upon *Palmer v. Bull Dog Auto Ins. Ass'n,* 294 Ill. 287; *Hartford Fire Ins. Co. v. Walsh,* 54 Ill. 164, and similar cases in support of the proposition that each renewal was the making of a new contract of insurance. An examination of the cases will disclose that under the terms of the contracts involved it was optional with both parties as to whether they should be renewed as in the *Palmer* case *supra,* or the renewal took place after the contract had expired and not in pursuance of the terms of the contract as in the *Walsh* case, *supra.*

A policy was issued September 30, 1903, and the insured died October 19, 1905. The premium due September 30, 1904, was not paid when due. The insured paid it on the following day and was reinstated. The policy contained a provision that after it was continuously in force for two years it should be incontestable. The insurance company contended that the reinstatement was the making of a new contract and the incontestable clause did not apply because the policy had not been in continuous force for two years. The court held that the contention could not be sustained. *Monahan v. Fidelity Mut. Life Ins. Co.,* 242 Ill. 488. The same conclusion was reached in *Goodwin v. Provident Sav. Life Assur. Ass'n,* 97 Iowa 226, and *Massachusetts Ben. Life Ass'n v. Robinson,* 104 Ga. 256.

There was a change in the law between the time of the issuance of the policy and the time of the loss under the policy which forbade the naming as beneficiaries of certain persons named as beneficiaries in the policy who might theretofore and when the policy was written have been named as such. After the enactment of this law the policy was forfeited for nonpayment of an assessment and reinstated upon payment of the assessment. The insurance company defended upon the ground that the contract must be regarded as having been made by and as of the date of the

reinstatement, and hence void because in violation of the recently passed law against naming as beneficiaries the persons therein named as such. The court held that the reinstatement was not the making of a new contract and that the statute did not apply. *Lindsey v. Western Mut. Aid Society*, 84 Iowa 734.

The record discloses that appellant was organized under the laws of California and that the policies in question were issued and delivered by it in the State of Illinois through its agent at Springfield. Section 10 of the said Act of 1915 [Cahill's St. ch. 73, ¶ 476] provides that "policies of insurance against accidental bodily injury  *  *  *  issued by an insurer not organized under the laws of this State may contain, when issued in this State, any provision which the law of the State  *  *  *  under which the insurer is organized, prescribes for insertion in such policies,  *  *  *  anything in this Act to the contrary notwithstanding." We think it is a serious question whether appellant may be permitted to ignore the terms of its contract and secure the benefit of the provisions of the statute of this State without showing that the terms of the policies were not prescribed by the laws of California.

It is argued that the court erred in giving certain instructions on behalf of appellee. The second, seventh and twelfth were in regard to the question of waiver of the time within which suit might be brought. If we are right in our conclusion that the statutory limitation of two years under the Act of 1915 was not a part of the contracts it is wholly immaterial whether those instructions were right or wrong. It is argued that the third and fifth instructions are erroneous because they did not require the jury to find that the injury resulted in blindness in the right eye within 90 days thereafter. There is really no conflict in the evidence as to the fact that appellee lost his eyesight within 90 days after the accident occurred. There was no evidence from which the

jury could have found otherwise and there was no reversible error in the giving of those instructions. *People v. Sturdyvin*, 306 Ill. 138. In discussing this question appellant practically concedes that the blindness occurred within 90 days after the accident when it says: "We state in this connection, however, without hesitation that if this were the only point involved in this case we would not be here on this appeal nor would the company have contested the matter at all." But in any event the court expressly informed the jury in two or three instructions given on behalf of appellant that appellee could not recover unless the blindness was caused solely by the injury and resulted within 90 days thereafter.

It is argued that the eleventh instruction is erroneous because it told the jury that if they believed from the evidence that the accident was the proximate cause of the injury then the loss is covered by the terms of the policy. It is said that it is not sufficient that it was the proximate cause but the jury should find that blindness resulted from the accident wholly and independently of all other causes. The court repeatedly informed the jury that appellee could not recover unless he had proven that he lost the sight of his eye as the result of an accident wholly and independently of all other causes. That if he failed to make such proof or if the loss of sight was due to a senile cataract or other disease and was not the result of a bodily injury effected directly through external, violent and accidental means wholly independent of all other causes their verdict should be for the defendant.

Viewing the instructions as a whole or series we cannot see how the jury could have been misled by any instruction complained of. Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*