DAVID L. HOUGH, Plaintiff in Error, *v.* HEMAN BALDWIN, *et al.*, Defendants in Error.

ERROR TO LA SALLE.

A petition to the Circuit Court for a *certiorari* to a justice of the peace, to send up papers for a review of his decision, must show that the judgment rendered by the justice is unjust.

It is not sufficient to show that the justice erred in rejecting or receiving testimony, if it does not also appear that the petitioners were injured by the amount of the judgment.

When the record does not show the grounds of the decision complained of, a bill of exceptions should be taken, setting forth the evidence, or this court will presume that the decision below was correct.

THIS writ of error was sent to the La Salle County Court. The judgment complained of was rendered at the December term, 1854, of the La Salle County Court, H. G. COTTON, presiding. The opinion of the Court gives a statement of the case.

HIGGINS, BECKWITH and STROTHER, for Plaintiff in Error.

B. C. COOK, for Defendants in Error.

SKINNER, J. Hough sued Baldwin and Chapman before a justice of the peace of La Salle county, on a demand, in assumpsit, of $100. The justice rendered judgment against Baldwin and Chapman for $99.80.

Baldwin and Chapman sued out of the county court of La Salle county, the writ of *certiorari,* and the cause was brought into that court for trial.

Hough appeared in the county court, and moved to dismiss the *certiorari,* for want of a sufficient petition, which motion the court overruled, and the cause was then continued. At the next term, Hough entered his motion for a continuance; the court overruled the motion and dismissed the suit. No cause appears in the record for dismissing the suit, and no bill of exceptions was taken.

The petition for *certiorari* sets forth, that Hough, on the 1st day of July, 1854, before a justice of the peace of La Salle county, recovered a judgment against petitioners for $99.80, and costs of suit; that the judgment was not the result of negligence in petitioners, and that the same is unjust and erroneous in this: that the justice excluded as evidence, on the trial, the account books of petitioners, which were offered in evidence by petitioners, (after proper foundation had been laid for their introduction,) to prove a settlement between them and Hough; and that the justice rendered judgment against petitioners on testimony which, in their opinion, was wholly insufficient to show any indebtedness from petitioners to Hough; that it was not in the power of petitioners to take an appeal in the ordinary way, for the reason, that on or about the 15th day of July, 1854, petitioners applied to the justice for an appeal; that the justice made out an appeal bond for petitioners to execute, with directions to petitioners to have the same executed and left with some workmen in the employ of said justice; that soon after this, the justice went into Bureau county, and there remained until after the expiration of twenty days from the time of the rendition of said judgment; that on or about the 15th day of July, 1854, petitioners executed said appeal bond, with Isaac R. Hitt as security, and left the same with the workmen of said justice, according to his directions; that after the return of the justice, and after the expiration of twenty days from the time of the rendition of said judgment, the justice informed petitioners that he had made a mistake in drawing the appeal bond,

and had drawn it as in case of an appeal to the *circuit*, instead of the *county* court, and that the same was therefore void.

It does not appear from the petition, that the judgment rendered by the justice, is unjust; that Baldwin and Chapman did not owe Hough the full amount of the judgment, and if they did, the judgment is not " erroneous and unjust " in the sense used in the statute.

The statute requires that the petition " set forth and show " that the judgment is unjust and erroneous, and wherein the injustice and error consists. It is not sufficient that the justice, in receiving or rejecting testimony, or in any matter arising upon the trial, erred in point of law, so that the petitioners are not injured in the final determination, in the amount of the judgment recovered.

Baldwin and Chapman are presumed to know whether they owed Hough the amount of the judgment, and they avoid denying that they did owe it, by alleging error of the justice in excluding their account books as evidence of a settlement, and that, in their opinion, the evidence did not warrant the final judgment of the court. The county court erred in not dismissing the *certiorari* for want of a sufficient petition. *Murray* v. *Murphy*, decided at the present term, and cases there cited. *Ante*, p. 275.

It is unnecessary to decide whether Baldwin and Chapman used sufficient diligence to take an appeal in the ordinary way, and no opinion is expressed on this point. It may be, that they may yet perfect their appeal, by obtaining an order from the county court to the justice, to send up the papers in the case, and by filing, in that court, an amended bond.

. This court cannot determine whether the county court erred in dismissing the suit. The presumption is that the decision was correct, and nothing appears to the contrary. Where the record does not show the grounds of the decision complained of, a bill of exceptions should be taken, setting forth the evidence, otherwise this court will presume that there was evidence justifying the decision. *Reeve* v. *Mitchell*, 15 Ill. 297; *Casey* v. *Harvey*, 14 Ill. 45; *Gallimore* v. *Dazey*, 12 Ill. 143.

Judgment reversed and cause remanded.

*Judgment reversed.*