OLIVER J. BAILEY

*v.*

THOMAS B. SMITH.

*Opinion filed November 1, 1897.*

1. APPEALS AND ERRORS—*when Supreme Court cannot review assigned errors—bill of exceptions.* The Supreme Court cannot consider assignments of error which question the finding and judgment of the lower court in cases tried without a jury, as authorized by section 60 of the Practice act, unless exceptions thereto have been duly taken and preserved by a bill of exceptions.

2. SAME—*rule that exception to judgment must be taken and preserved is not a mere technicality.* The rule that the Supreme Court cannot review assignments of error unless exception thereto has been taken and preserved by a bill of exceptions is statutory, and not merely technical, and counsel are bound to know of its existence.

APPEAL from the Circuit Court of Adams county; the Hon. OSCAR P. BONNEY, Judge, presiding.

G. EDMUNDS, for appellant.

JAMES N. SPRIGG, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant brought this suit in ejectment against appellee, and was defeated at a trial before the court without a jury. A reversal is asked because of the following alleged errors assigned upon the record: "First, said court erred in finding the issues against the plaintiff and in favor of defendant; second, said court erred in rendering judgment against appellant and in favor of appellee; third, the court erred in finding the defendant, Smith, not guilty, and rendering judgment in his favor against plaintiff, Bailey."

We have no right to pass upon either of the errors so alleged. Section 60 of the Practice act, authorizing an assignment of error upon the finding and judgment of the

court in such cases, is as follows:   "Exceptions taken to decisions of the court, upon the trial of causes in which the parties agree that both matters of law and fact may be tried by the court, and in appeal cases, tried by the court without the intervention of a jury, shall be deemed and held to have been properly taken and allowed, and the party excepting may assign for error before the Supreme Court any decision so excepted to, whether such exception relates to receiving improper or rejecting proper testimony, or to the final judgment of the court upon the law and evidence."   It is only a decision so excepted to that can be assigned for error, and the exception can only be taken and preserved by means of a bill of exceptions.   The errors here assigned question only the finding and judgment, and the record contains no exception to such finding or the judgment rendered, neither of which is so much as mentioned in the bill of exceptions.   The following are some of the cases in which the rule is stated and the power of review denied: *Parsons* v. *Evans,* 17 Ill. 238; *Daniels* v. *Shields,* 38 id. 197; *James* v. *Dexter,* 113 id. 654; *Martin* v. *Foulke,* 114 id. 206; *Force Manf. Co.* v. *Horton,* 74 id. 310; *National Bank of Lawrence County* v. *LeMoyne,* 127 id. 253.

Appellant characterizes the rule as a mere technicality, or sticking in the bark.   If the rule were nothing more than an established method in the practice of the profession of law, and therefore might be properly termed technical, appellee would none the less have a right that it should be observed and enforced.   But it is something more.   The legislature made the rule in regulating the practice in courts of record.   Counsel are bound to know of its existence, and we have no right to ignore it.

The judgment will be affirmed.

*Judgment affirmed.*