THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* NELLIE EPLER MILLS, Appellee.

*Opinion filed December 21, 1910.*

1. APPEALS AND ERRORS—*when judgment must be affirmed because of want of exception to judgment.* If no exception is preserved by a bill of exceptions to the finding and judgment of the county court reducing an inheritance tax, the Supreme Court can not consider the question whether the evidence justified the finding of the court, even though an exception is recited in the judgment order, and if no·other question is involved the judgment must be affirmed.

2. SAME—*trial is de novo on appeal to county court in inheritance tax proceeding.* On appeal to the county court in an inheritance tax proceeding the trial is *de novo,* and while the proceeding. is a special statutory one, yet the exceptions as to the admission of evidence and as to the sufficiency of the evidence to sustain the finding of the trial court must be preserved by a bill of exceptions as in common law proceedings.

APPEAL from the County Court of Morgan county; the Hon. F. E. BALDWIN, Judge, presiding.

W. H. STEAD, Attorney General, and ROBERT TILTON, State's Attorney, (ROY WRIGHT, and JAMES H. DANSKIN, of counsel,) for the People.

J. J. NEIGER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal taken by the State from an order of the county court of Morgan county reducing the inheritance tax in the estate of Richard W. Mills, deceased, from the

amount theretofore approved by the county judge. It is argued that this reduction was made because the court held that certain lands deeded a few days before his death by Mr. Mills to his wife were not subject to the inheritance tax, for the reason that such lands were not deeded in contemplation of death, but that such lands were really held in trust by said Mills for his wife, and were, in fact, her property. The State insists that the evidence did not justify this finding of the court.

On appeal to the county court the trial there is *de novo.* The proceeding is a special statutory one, but the exceptions as to the admission of evidence, and as to the sufficiency of the evidence to sustain the finding of the trial court, must be preserved by a bill of exceptions as in common law proceedings. No exception is preserved in the bill of exceptions to the finding and judgment of the court. Such an exception is recited in the judgment order, but it has been repeatedly held that under our statute the only way such an exception can be preserved for review in this court is by means of a bill of exceptions. (*Bailey* v. *Smith,* 168 Ill. 84; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 231 id. 112; *People* v. *O'Gara Coal Co.* 231 id. 172; *People* v. *Economac,* 243 id. 107; *People* v. *Chicago, Indianapolis and St. Louis Railway Co.* id. 221.) Even though the contention of the appellant be correct that the wife's testimony was not competent, (which question we do not decide,) this record is in such condition, because an exception was not preserved as required by law, that this court cannot decide whether the evidence in the record was sufficient to sustain the finding of the trial court.

The judgment of the county court must therefore be affirmed.                              *Judgment affirmed.*