THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, vs. THE ILLINOIS MERCHANTS TRUST COMPANY, Exr., et al. Defendants in Error.

*Opinion filed February 18, 1926—Rehearing denied April 7, 1926.*

1. INHERITANCE TAX—*when construction of will cannot be reviewed on common law record.* Where the evidence upon which the county court bases its judgment as to liability to an inheritance tax under the provisions of a will is not preserved by bill of exceptions or a stenographic report of the trial, the Supreme Court must assume the correctness of the county court's judgment, and will not consider the construction of the will, even though it is set out in the final order of the county court, where the determination of the question in issue requires not only a consideration of the pertinent provisions of the will but their application to the facts in evidence.

2. APPEALS AND ERRORS—*evidence must be preserved in statutory proceeding as well as at common law.* In the absence of a bill of exceptions in a common law action it will be presumed that the evidence was sufficient to justify the judgment either upon appeal or writ of error, and in a special statutory proceeding the evidence must be preserved by bill of exceptions or a stenographic report, the same as at common law.

WRIT OF ERROR to the County Court of Lake county; the Hon. MARTIN C. DECKER, Judge, presiding.

OSCAR E. CARLSTROM, Attorney General, and VIRGIL L. BLANDING, for the People.

McCULLOCH & McCULLOCH, MILLER, DAILEY & THOMPSON, and GEORGE W. FIELD, (HUGH W. McCULLOCH, SAMUEL D. MILLER, and THOMAS D. STEVENSON, of counsel,) for defendants in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Delavan Smith, a resident of Lake county, died testate on August 25, 1922. His last will and testament was on October 16, 1922, admitted to record by the probate court

of that county. Upon the recommendation of the appraiser, the acting county judge on February 16, 1923, entered an order determining the value of the gifts and transfers made by the will and fixing the inheritance taxes due thereon. Dissatisfied with the assessment, the Illinois Trust and Savings Bank (now the Illinois Merchants Trust Company) and the Fletcher Savings and Trust Company, as executors of and trustees under the will, prayed an appeal to the county court. The appeal was allowed, the cause was heard by that court upon the petition for the appeal, the order of the acting county judge was set aside, and judgment was rendered assessing the inheritance taxes upon the transfers of property made by the will, except certain trust property which was declared to be exempt. By this writ of error the Attorney General seeks a review of the judgment.

The transcript of the record merely shows the petition for the appeal to the county court, the order allowing the appeal, the appeal bond and its approval, the change of venue to the probate judge of Lake county, an order continuing the cause, the final order of the county court fixing the inheritance taxes due, the prayer by the Attorney General for an appeal to this court, and the order allowing the appeal and fixing a specified time for the filing of a bill of exceptions. Neither the will, nor any part of it, is incorporated in or made a part of the petition. The final order of the county court sets forth that the court heard testimony and examined the documents introduced in evidence on the hearing of the appeal, and the provisions of the will are recited at length in that order.

The plaintiff in error contends that the county court erred in its finding that certain trust property was not subject to an inheritance tax under the laws of this State. The defendants in error, while asserting that the county court's decision on the merits is correct, insist that the transcript of the record is insufficient to present the question argued by the plaintiff in error.

The county court determined the cause, as it states in its final order, upon the testimony heard and documents introduced in evidence upon the appeal.   The trial court affirmatively recites that it examined these documents.   The evidence upon which that court acted does not appear in the record.   It could only become a part of the record by a bill of exceptions or stenographic report of the trial.   (*People v. Ellsworth,* 261 Ill. 275; *City of Chicago* v. *Wohlbach,* 316 id. 203; *People* v. *Lucor,* 317 id. 423; *People* v. *Ditto,* 317 id. 576.)   No such bill or report was made or filed. Hence the evidence which the trial court considered is not preserved for review and we are wholly unable to ascertain the grounds upon which the judgment of the county court is based.

But the plaintiff in error argues that the recital of the last will and testament in the final order. of the county court presents the question of its construction apart from any bill of exceptions or stenographic report.   Although the will is recited in the judgment order, this court cannot assume that the decision of the trial court, especially in view of the express statement to the contrary in the same order, was not based upon additional evidence.   To determine the question here sought to be raised requires not only a consideration of the pertinent provisions of the will but their application to the facts in evidence.   That question cannot, therefore, be determined solely upon the common law record.   While the proceeding in the county court was a special statutory one, the evidence must be preserved by a bill of exceptions or stenographic report as in common law proceedings.   (*People* v. *Mills,* 247 Ill. 620; *City of Chicago* v. *Ogden, Sheldon & Co.* 227 id. 595.)   In the absence of a bill of exceptions in a common law action it will be presumed that the evidence was sufficient. to justify the judgment, either upon appeal or writ of error.   *Hough* v. *Baldwin,* 16 Ill. 293; *Prout* v. *Grout,* 72 id. 456; *Gebbie* v. *Mooney,* 121 id. 255; *Chicago, Rock Island and Pa-*

*cific Railway Co.* v. *Town of Calumet,* 151 id. 512; *Law* v. *Sanitary District of Chicago,* 197 id. 523; *Jones* v. *Village of Milford,* 208 id. 621; *Kiesewetter* v. *Knights of Maccabees,* 227 id. 48; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 231 id. 112; *People* v. *Mills, supra; People* v. *Ellsworth, supra; People* v. *Glasgow,* 301 Ill. 394.

On the record before us the judgment of the county court must be affirmed.　　　　　*Judgment affirmed.*