Alden B. Frymire, trading as Frymire Motor Sales Company, Defendant in Error, v. Arthur K. Baldridge, Plaintiff in Error.

## Gen. No. 7,689.

1. APPEAL AND ERROR—*presumption in absence of bill of exceptions.* In the absence of a bill of exceptions it will be presumed, in a common-law action, that the evidence supports the verdict.

2. APPEAL AND ERROR—*review of judgment in absence of bill of exceptions.* Where defendant's default for want of an appearance was

entered on the first day of the term, and judgment thereon was entered two days later without any further proceedings intervening, the judgment will not be reversed, on writ of error, upon the ground that it was one for unliquidated damages, where in the absence of a bill of exceptions there was nothing in the record to show that such was the fact, and the judgment entered was for the sum stated as due in the affidavit of merits filed with the declaration.

Error by defendant to the Circuit Court of Warren county; the Hon. GEORGE C. HILLYER, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed January 20, 1927.

MURPHY & KRITZER, for plaintiff in error.

CHARLES E. LAUDER and FREDERICK H. LAUDER, for defendant in error.

MR. JUSTICE JETT delivered the opinion of the court.

This is a writ of error sued out by Arthur K. Baldridge, plaintiff in error, to reverse a judgment obtained by Alden B. Frymire, doing business under the name of Frymire Motor Sales Company, defendant in error, against plaintiff in error, in the circuit court of Warren county.

The declaration consists of the common counts and attached thereto is a copy of the contract entered into between the plaintiff in error and defendant in error.

No appearance was had by the plaintiff in error in the circuit court. After the term at which the judgment was obtained had adjourned, notice was served upon the defendant in error by the plaintiff in error that he was going to file a praecipe and sue out a writ of error. There is no bill of exceptions in this cause.

It appears that this suit was brought to the January term, 1925, of the circuit court of Warren county but no service was had on the defendant. An alias summons was issued returnable to the September term, 1925, and the alias summons was served on the defendant on the 28th day of May, 1925. The declaration was filed on the 10th day of September, 1925. An

affidavit of merits was filed with the declaration. The term of court convened on the 21st day of September, 1925, and the defendant was defaulted for want of appearance. Judgment was entered on the 23rd day of September, 1925, against the defendant for $503. Nothing further was done in the case at the said September term of court.

It is the contention of plaintiff in error that because the affidavit of merits, attached to the declaration of defendant in error, refers to a certain contract entered into by the parties to this proceeding that it is sought to recover unliquidated damages. Since there is no bill of exceptions on file there is nothing to indicate that the judgment rendered was for unliquidated damages. In the absence of a bill of exceptions the court cannot inquire into the sufficiency of the evidence to support the judgment. *Reeve v. Mitchell,* 15 Ill. 297.

If there is no bill of exceptions in a common-law action, it will be presumed that the court had sufficient evidence to justify the judgment. *People v. Illinois Merchants' Trust Co.,* 320 Ill. 365-367.

The affidavit of merits is to the effect that there was due and owing to the defendant in error, after allowing all just credits and deductions, $503, and the judgment is for said sum of $503. There is nothing to show that the judgment was for unliquidated damages. The judgment of the circuit court of Warren county is affirmed.

*Judgment affirmed.*