# James Donahoe, Appellee, v. City of Chicago, Appellant.

## Gen. No. 31,890.

1. APPEAL AND ERROR—*matters considered in absence of bill of exceptions.* The Appellate Division is limited to the contents of the common-law record in reviewing a judgment in the absence of a bill of exceptions. .

2. APPEAL AND ERROR—*presumption that evidence supports judgment.* In considering, in the absence of a bill of exceptions, the contents of a common-law record, it will be presumed that the evidence was sufficient to support the judgment under review either upon appeal or writ of error.

3. APPEAL AND ERROR—*when agreed case does not meet statutory requirements.* In an action against a city for unpaid salary by one

claiming to have been elected judge at a stated election, a so-called stipulation of facts which recites in the preamble it is agreed that in the trial the following facts may be taken as proved, followed by a statement setting forth a series of facts concerning the election, is not an agreement "as to the question or points of law" arising in the case, and when signed by counsel and incorporated in the record it is not a certificate by counsel "as to the question or points of law arising therein," within the contemplation of Cahill's St. ch. 110, § 104, which permits a certificate of agreement as to the question or points of law arising therein to be certified with the decision to the Appellate Court as if a complete record had been transcribed and certified to that court.

4. APPEAL AND ERROR—*insufficient record and absence of error as ground for dismissal.* An appeal from a judgment will be dismissed upon granting a motion to strike from the record a so-called stipulation of facts which does not come within the requirements of Cahill's St. ch. 110, § 104, concerning the certification of agreement as to the questions or points of law arising in the case, there being no bill of exceptions and the common record showing no substantial error.

Appeal by defendant from the Superior Court of Cook county; the Hon. WORTH E. CAYLOR, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1927. Appeal dismissed. Opinion filed February 9, 1928.

FRANCIS X. BUSCH and SAMUEL A. ETTELSON, Corporation Counsel, for appellant; FRANK J. CORR and EDWARD M. QUINN, Assistant Corporation Counsel, of counsel.

HOPKINS, STARR & HOPKINS, for appellee; MERRITT STARR and O. JOHN ROGGE, of counsel.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

James Donahoe, the plaintiff, claiming that he was elected judge of the municipal court on November 3, 1914, but that the salary of the office was not paid to him for the full term, brought suit in assumpsit against the City of Chicago, and on January 22, 1927, recovered judgment in the sum of $27,000. This appeal is by the City of Chicago from that judgment.

As showing grounds for reversal, all that counsel for the City has presented to this court is a common-law record, and it is contended on behalf of the plaintiff that the transcript of the record is insufficient to challenge the judgment of the trial judge on the merits of the case.   There being no bill of exceptions, we are limited, under the law, to the contents of the common-law record, and in considering that record, it is to be presumed that the evidence was sufficient to justify the judgment, either upon appeal or writ of error. *People v. Illinois Merchants' Trust Co.,* 320 Ill. 365.

The common-law record, as it appears here, contains the praecipe, the appearance of the defendant, the declaration, the plea of the general issue by the defendant, the judgment of the court, and, also, contains a copy of a document entitled, ''Stipulation of Facts,'' consisting of four typewritten pages, and which purports to be signed by the defendant, City of Chicago, by the corporation counsel, and by the plaintiff, James Donahoe, by his attorneys.   There is no order of any kind pertaining to the stipulation of facts.

On behalf of the plaintiff, a motion was made to strike and expunge the purported stipulation of facts, occupying pages 21 to 26, inclusive, of the record, and the motion was taken with the case.

Counsel for the defendant, objecting to the motion, contend that the common-law record shows that it was an agreed case, pursuant to section 104, ch. 110, of Cahill's Rev. Ill. St. 1925.

In our judgment, the so-called stipulation of facts is not entitled to be considered as a proper part of the common-law record (*Wilson v. McDowell,* 65 Ill. 522) and could be brought to the attention of a court of review only by being embodied in a bill of exceptions, unless, however, the record in this case comes within the purview of section 104, ch. 110, of the Revised Statutes.

The first part of section 104 provides for a certifi-

cate of a question of law by the trial judge with the assent of the parties litigant. As, in the instant case, there is no such certificate, that part of the section is not available. The second part of section 104 provides that the parties may agree as to the question or points of law arising therein, and the same may be certified by their counsel and "upon such certificate being made, the same shall be filed in the court   *   *   *   and a copy of such certificate, certified by the clerk of said court, with the decision thereon and final decision in the case or proceeding, to the Appellate Court   *   *   * and filed therein; and, upon filing the same, the like proceedings may be had in the Appellate Court *   *   *, as if a full and complete record had been transcribed and certified to said court."

The preamble of the "Stipulation of Facts" is as follows:

"Come now the plaintiff and defendant in the above entitled cause by their respective attorneys of record herein and stipulate and agree that in the trial of the above entitled cause the following facts in so far as competent, relevant and material may be taken as proved and established without the introduction of any other testimony or evidence relating thereto, meaning and intending hereby to stipulate that the following are facts in connection with the transaction and not that proof of such facts is necessarily admissible in evidence."

Following the preamble are twelve paragraphs which set forth a series of facts concerning the general election of November 3, 1914, at which ten judges were to be elected for the municipal court of Chicago.

That is not an agreement "as to the question or points of law" arising in the case; and when signed by counsel and incorporated in the record is not a certificate by counsel "as to the question or points of law arising therein." In *City of Waukegan v. DeWolf*, 258 Ill. 374, 376, the court said, this section

"authorizes the parties in any suit or proceeding to make an agreed case containing the points of law at issue between them, and the agreed case, with the decision thereon, may be certified to the Appellate Court or Supreme Court without certifying any fuller record in the case, and errors may be assigned and the case shall proceed in the same manner as if a full record had been certified.  The object of the section is to enable parties, by agreement, to submit the questions in dispute between them for review without the formality of a bill of exceptions."

Even if we should assume that the document entitled "Stipulation of Facts" was an agreement as to certain facts—although the preamble leaves that somewhat in doubt—still it fails utterly as an agreement "as to questions or points of law," which alone the statute makes provision for.

Then, too, the final order of the court, of January 22, 1927, contains the following: "And the court now here after hearing all the evidence adduced, the arguments of counsel, and being fully advised" finds the issues for the plaintiff.  To what evidence did the court refer?  Without a bill of exceptions, we do not know.

Some objections are made as to the judgment being larger than the *ad damnum* in the original declaration, and as to interest, but they are not well taken.

There being no bill of exceptions, and the record not coming within the requirements of section 104, and the common-law record showing no substantial error, the motion to strike the stipulation of facts from the record is allowed and the appeal dismissed.

*Appeal dismissed.*

HOLDOM and WILSON, JJ., concur.