Richard L. Berdelle, and Steel Machinery Company, Appellees, v. Charles F. Carpentier, Secretary of State of State of Illinois, Appellant.

## Gen. No. 46,798.

First District, Second Division.
June 26, 1956.
Released for publication September 11, 1956.

Latham Castle, of Chicago, Attorney General of State of Illinois for defendant-appellant; William C. Wines, Raymond S. Sarnow, and A. Zola Groves, Assistant Attorneys General, all of Chicago, of counsel.

Richard G. Raysa, of Chicago, for appellees.

JUDGE ROBSON delivered the opinion of the court. This is an appeal by the Secretary of State of the State of Illinois from an order of the Circuit Court of Cook County commanding him to issue a corporate charter to plaintiffs in the name of "Steel Company of Ohio." The Secretary of State had denied plaintiffs' request for a charter for an Illinois corporation to be known by the name of "Steel Company of Ohio,"

"Steelco Manufacturing Company" or "Steel Manufacturing Company." Such denial was made pursuant to section 157.9(c) of the Illinois Business Corporation Act which provides that the corporate name

"Shall not be the same as, or *deceptively similar* to, the name of any domestic corporation existing under any Act of this State or any foreign corporation authorized to transact business in this State, or a name the exclusive right to which is, at the time, reserved in the manner provided in this Act." Ill. Rev. Stat. 1955, ch. 32, sec. 157.9(c). (Emphasis supplied.)

The Secretary determined all of plaintiffs' requested names to be "deceptively similar" to the names of the following existing corporations authorized to do business in Illinois: "Ohio Steel Products Company," "Steel-Parts Manufacturing Corporation," "Steel-Cor Manufacturing Company," "Steel Doors Manufacturing Company," and "Steel & Iron Products Company."

The action below was brought pursuant to paragraph 157.148 of chapter 32, Illinois Revised Statutes, 1953, which provides that where the Secretary fails to approve of any ". . . articles of incorporation, amendment, merger, consolidation, or dissolution, or any document required by this Act to be approved . . ." a petition may be filed by the aggrieved party before the circuit or superior court of the county in which the corporation is sought to be organized. The section further provides that the action shall then be tried de novo by the court, and the court shall either sustain the action of the Secretary of State or direct him to take such action as the court may deem proper.

The trial court, "having examined the pleadings and the exhibits submitted therewith and having heard the arguments of counsel with respect to the facts and the law" ordered the Secretary to issue to plaintiffs a corporate charter under the name of "Steel Company of Ohio."

The defendant has failed to incorporate the transcript of the evidence and certain documents introduced before the trial court into the record. The trial court's determination of this matter, as stated in its final order, was based upon the pleadings, the exhibits submitted and the arguments of counsel with respect to the facts and the law. Thus defendant has failed to preserve for review many of the evidentiary considerations that were before the trial court and upon which that court relied.

It is a well-established rule in this state that where the evidence is not preserved for review it will be presumed that the evidence was sufficient to justify the judgment of the trial court. This rule applies to statutory as well as to common-law proceedings. People v. Illinois Merchants Trust Co., 320 Ill. 365; People v. Mills, 247 Ill. 620. We conclude that the rule applies to this situation.

The question before the trial court was not decided and could not properly have been decided by simply viewing the requested and the existing names in a vacuum. Therefore, we will not disturb the order of the trial court.

Order affirmed.

McCORMICK, P. J. and SCHWARTZ, J., concur.